## HENRY L. GLEASON *vs.* F. S. NELSON.

Franklin. September 18, 1894. — October 19, 1894.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Broker — Sale — Purchaser — Commissions — Instructions.*

In order that a broker may recover of the owner of property a commission for effecting the sale of the same, the general rule of law is, that, if there was no direct communication between the broker and purchaser, it must be shown affirmatively that the latter was induced to enter into the negotiations which resulted in the purchase through the means employed by the broker for that purpose. A request by the broker for a ruling that, if the owner agreed to pay him a certain amount if he found the owner a customer or made a sale, then he was entitled to the promised commission, if the jury were satisfied that the pur-

chaser obtained his knowledge that the property was for sale from persons with whom the broker negotiated for the sale, and, acting thereon, went to see the place and bought it of the owner, is rightly refused; and instructions to the effect that the jury are to determine whether the broker was the cause or instrumentality or the efficient or effective means of bringing the purchaser and seller together are correct.

CONTRACT, to recover the price of lumber sold by the plaintiff to the defendant. The answer was a general denial. The defendant also filed a declaration in set off, claiming a credit of $50 as a commission for effecting the sale of the plaintiff's business as blacksmith and carriage-maker at Gardner, Mass. To this declaration in set off, the plaintiff filed a general denial. At the trial in the Superior Court before *Bishop,* J., the defendant did not contest his liability for the price of the lumber; and upon the question of the plaintiff's liability for the commission claimed by the defendant, there was evidence tending to show that the plaintiff promised the defendant $50 if he would find him a purchaser for his business, but reserved the right to sell the same by his own exertions; that the defendant endeavored to find a purchaser for the business, described it to sundry persons, at one time took one Bartlett, a resident of Newton, N. H., and at another time Bartlett and one Wentworth, also a resident of Newton, to Gardner to examine the shop and business, paying their expenses; that the defendant also endeavored to induce one Eaton, and one Sanborn, both residents of Amesbury, Mass., to buy the business, and informed them that Bartlett and Wentworth had been to Gardner, seen the shop, and could give them information about it; that the defendant requested Eaton to inform any person who might desire to purchase such a business, that the plaintiff's business was for sale; that Eaton went to Newton, N. H., and saw Bartlett and Wentworth about the business; that Eaton informed one Tuxbury that the plaintiff's business was for sale, that Tuxbury informed one Legro of the fact, and that Tuxbury and Legro went first to Newton, N. H., and talked with Bartlett and Wentworth about the business, and then went to Gardner, saw the plaintiff, and entered into negotiations with him which resulted in their purchase of the place. There was also evidence tending to show that the plaintiff had himself advertised in the Boston Globe that his business was for sale, and that Legro had stated to him that he saw

said advertisement; but this was denied by Legro, who was a witness at the trial, and testified that he first heard that the plaintiff's business was for sale from Tuxbury.

The defendant requested the judge to instruct the jury:

"If Gleason agreed to pay Nelson $50 if the latter found him a customer for his place, or sold the place for him, Nelson is entitled to the promised commission if the jury are satisfied that the purchasers of the place obtained their knowledge that it was for sale from persons with whom Nelson had negotiated for its sale, and acting upon and by reason of that knowledge went to see the place, and as a result bought it of Gleason."

The judge declined to give this instruction, and, among other instructions, gave the following:

"If the person standing in the relation of Nelson brought the parties together, introduced them to each other, and then if by negotiations between the parties themselves afterwards they effected a sale, it is sufficient to entitle the man who brought the parties together to his commission, if he himself stood ready to do anything needed to effect the sale in addition afterwards. It is sufficient if the broker subsequently effects the sale by introducing the person to the owner, and by means of such introduction a person becomes the ultimate purchaser, if the broker is ready to do all that is necessary to effect the sale. . . . If the jury are satisfied that the defendant was the effective instrument and efficient cause of bringing about the sale by introducing these parties, or by bringing them together, then he is entitled to a commission. The defendant is not entitled to a commission if the sale was made to a party not introduced by him to the plaintiff. If it cannot be fairly said that the purchasers were introduced to the plaintiff by Nelson, he is not entitled to a commission; and he is not entitled to a commission unless he did the identical thing for which he was employed, which was to obtain a customer. If he did not obtain a customer, was not the means of doing it, he is not entitled to his commission. If he was the means of doing it, if he did obtain a purchaser, he is entitled to his commission, although he may not have stood by to carry out the purchase after the parties had been brought together. . . .

"The parties had some talk about what the defendant was to

do to sell the place. They had some talk about his advertising it. He did not advertise it, he says. But the plaintiff as well as the defendant went to work to sell the place, and the plaintiff did advertise it. Now the defendant saw various people who might become purchasers. He took two of them there, Bartlett and Wentworth, but for certain reasons they did not buy. Then he saw Eaton and talked with him about his buying the place, and he might have been a customer, but did not become one. And he said to Eaton, ' If you do not buy yourself, pray tell anybody who you may think possibly will want to buy this property about it, and send them to Bartlett and Wentworth, for they know all about it, having been there.' Meanwhile, the plaintiff himself was not idle, and presently there came to him these two men, Tuxbury and Legro, and they purchased of him. What was the efficient cause of bringing Tuxbury and Legro to the plaintiff to buy? What was the instrumentality which brought them there to buy? . . . Was it anything which Nelson did directly? . . . Or was it what the plaintiff himself did by his advertisement? Or was it by what we call an accidental finding out on the part of Tuxbury and Legro of the fact that this property was for sale, and then coming there without the intervention of either the plaintiff or the defendant? If it was the latter, if it came about without the direct agency of the defendant, he cannot recover his commission. If it came about through the instrumentalities of the plaintiff himself, either by his advertising, or by his interesting other people to purchase of him, then Nelson cannot recover his commission. In order to entitle him to his commission he must satisfy you by a fair preponderance of the evidence that what he did brought these parties together. What he did, as he says, is that he authorized, instructed, and employed Eaton to act in this matter; that Eaton found out Tuxbury and Legro, and set them on the track of this thing, and sent them to Bartlett and Wentworth, and then to the plaintiff, with whom the bargain was made. The plaintiff says it is not so. He says, whatever this man did with reference to anybody else becoming the purchasers through Eaton . . . was a general request or suggestion that Eaton should help him if he could, or interest persons if he could ; but it was indefinite, and amounted to nothing, and

that what Eaton did amounted to nothing, and the plaintiff says he has produced evidence tending to show that Tuxbury and Legro got their first information from the advertisement put in the newspaper by himself, or by other means which he set in motion. Mere hearsay knowledge of the fact that he wished to sell his property, communicated to the buyer by a third person not employed by Nelson for the purpose, or authorized by him to make the communication, will not entitle him to a commission, although the customer came to the seller indirectly from Nelson. . . . Was Nelson the cause and instrumentality, the efficient or effective means of bringing these parties together? If so, he is entitled to his commission. But if you are satisfied that what the plaintiff himself did brought him a purchaser, the defendant is not entitled to a commission. If you think the reason why the purchasers came there was from the happening of events which took place without the agency of either the defendant or the plaintiff directly, then the defendant is not entitled to recover his commission."

At the close of the charge, the defendant's counsel called the judge's attention to the fact that the term "introduction," as used by him, might be taken by the jury to mean an ordinary personal introduction, and the judge added: "I do not mean a personal introduction, a physical personal introduction, where all the persons are present. I mean what is substantially and in reality an introduction, efforts that resulted in bringing the parties together."

The jury returned a verdict for the plaintiff for the full amount claimed in his declaration, without deduction for the defendant's alleged set-off; and the defendant alleged exceptions.

*F. L. Greene*, for the defendant.

*S. T. Field*, for the plaintiff.

ALLEN, J. The general rule of law applicable to a case like this is, that, where there has been no direct communication between the broker and the purchaser, it must be shown affirmatively that the latter was induced to enter into the negotiations which resulted in the purchase through the means employed by the broker for that purpose. If the broker employed other persons to aid him, whether under pay or not, or if he put up maps, signs, notices, or otherwise advertised the property, by

means of which a person was induced to open negotiations with the owner which resulted in his buying the property, the sale may be said to have been effected through the broker's instrumentality. But it must be made to appear that what the broker did was the immediate and efficient cause of such negotiations. If the broker merely talked about the property with different persons, and one of them of his own accord, and not acting in behalf of the broker, mentioned to another that the property was for sale, and such last mentioned person thereupon looked into the matter and finally became the purchaser, the agency of the broker in inducing the sale was not sufficiently direct to entitle him to a commission. *Ward* v. *Fletcher*, 124 Mass. 224. *Loud* v. *Hall*, 106 Mass. 404. *Bornstein* v. *Lans*, 104 Mass. 214. *Tombs* v. *Alexander*, 101 Mass. 255. *Sussdorff* v. *Schmidt*, 55 N. Y. 319.. *Wylie* v. *Marine National Bank*, 61 N. Y. 415. *Earp* v. *Cummins*, 54 Penn. St. 394. ' *Carter* v. *Webster*, 79 Ill. 435.

The defendant relies on *Lincoln* v. *McClatchie*, 36 Conn. 136, as holding a rule rather more favorable to the broker. In that case the broker advertised the property ; A. saw the advertisement, conferred with the broker, and went and told his friend B., in whose behalf he felt an interest, and B. bought the property. It was held that the broker was the procuring cause of the sale, and so was entitled to his commission.

The defendant's request for instructions was too broad. The purchasers may have obtained their knowledge that the plaintiff's business was for sale from a person with whom the defendant had negotiated for its sale, and yet that person might not have been acting as agent for the defendant, or in his behalf. The instructions given to the jury were sufficient to protect the defendant's rights, and fairly left it for the jury to determine whether the defendant was the cause, or instrumentality, or the efficient or effective means of bringing the purchasers and the seller together.

*Exceptions overruled.*