GEORGE W. CARNES *vs.* PETER W. FINIGAN.

Suffolk.   January 8, 1908. — March 2, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Broker*, Commission.   *Agency.*

At the trial of an action of contract brought by a broker against one who was alleged to have employed him to find a purchaser for his liquor business and to have promised to pay him a certain commission for doing so, it appeared that the agreement of employment as alleged was proved and that it was for an employment not exclusive of other brokers, that the plaintiff gave the name of the defendant's liquor business to an officer of a brewing company which he knew was in the habit of advancing to persons, in whom it had confidence and who would buy their goods of it, the money necessary to make purchases of liquor businesses, that in doing so the plaintiff intended to use the officer of the corporation as an instrument in getting a purchaser of the defendant's business, that the officer, in consequence of the plaintiff's having given to him the defendant's name, did get a purchaser for the defendant's business, but in doing so did not in any way act as an agent for the plaintiff but acted solely on behalf of his company, to whose interest it was that as low a purchase price as possible should be agreed upon. *Held*, that the plaintiff's services were the efficient cause of the sale, and that therefore he was entitled to a commission.

Where a broker is employed by the owner of a business to procure for him a purchaser at a stipulated price and is promised as a commission a certain percentage of the selling price, and a sale is made at a price less than that stipulated by the owner when the broker was employed, the broker nevertheless is entitled to a commission if he is the efficient cause of the sale's taking place.

CONTRACT for a commission alleged to be due to the plaintiff for procuring for the defendant a purchaser of his liquor business.   Writ in the Municipal Court of the City of Boston dated September 10, 1906.

On appeal there was a trial before *Pierce*, J.   The plaintiff's evidence tended to show that the employment of the plaintiff by the defendant was not exclusive of other brokers, and the other facts which the opinion states the jury were warranted in find-

ing; and the defendant's evidence tended to controvert those facts.

At the close of the evidence, the defendant requested the presiding judge to direct a verdict for him, and to rule as follows:

"14. If the interest of this plaintiff, or any one acting for him or in his behalf, in the matter of the negotiations for the sale, and the sale itself, was antagonistic to the interest of the defendant, the plaintiff cannot recover."

"16. If the jury find that Casey was acting for or in behalf of the plaintiff, in the negotiations preceding the sale and in the sale itself, and that Casey, as an officer of the Massachusetts Breweries Company, had an interest in the sale and in securing a customer who would agree to use the products of the company in the conduct of the business, the plaintiff cannot recover."

The presiding judge refused the requests, there was a verdict for the plaintiff, and the defendant alleged exceptions.

*C. H. Donahue,* for the defendant.

*J. A. McGeough,* for the plaintiff.

LORING, J.   1. We are of opinion that the judge was right in refusing to direct a verdict for the defendant.

The jury were warranted in finding that the defendant employed the plaintiff to find a purchaser for his liquor business and promised to pay him a commission equal to five per cent on the purchase money.  They were further warranted in finding that the plaintiff gave to one Casey, vice president of the Massachusetts Breweries Company, the name of the defendant's liquor business and of two others, knowing that the company was in the habit of advancing the money necessary to make a purchase of a liquor business to one in whom the company had confidence, who would buy ale of them ; that Casey brought the defendant's place to the attention of Silva ; and that the purchase by Silva was made in consequence, that is to say, the company advanced the money to Silva to buy the defendant's place and furnished a guarantor on the lease, and Silva bought his ale of the company.

Casey testified that in what he did he was acting for his company and not as the agent of the plaintiff.  Casey was the plaintiff's witness ; there was no evidence to contradict this, and it must be taken to have been the fact.

The defendant's contention is that under these circumstances the plaintiff cannot recover even though the jury should find that the plaintiff, in giving the defendant's name to Casey, was the cause of the sale to Silva being made. In support of that contention he relies on *Gleason* v. *Nelson,* 162 Mass. 245. That was a case where the defendant, in a declaration in set-off, sought to hold the plaintiff for a commission. The plaintiff employed the defendant to find a customer for his blacksmith shop in Gardner, Massachusetts. The defendant first brought two men from New Hampshire to see it. He then brought one Eaton from Amesbury to see it and asked Eaton to inform any person who might desire to buy such a business that the plaintiff's was for sale. Eaton told one Tuxbury and Tuxbury told Legro, and finally Tuxbury and Legro bought the blacksmith shop. The presiding judge instructed the jury that " mere hearsay knowledge of the fact that he wished to sell his property, communicated to the buyer by a third person not employed by Nelson for the purpose, or authorized by him to make the communication, will not entitle him to a commission, although the customer came to the seller indirectly from Nelson." This was upheld by this court on the ground that " if the broker merely talked about the property with different persons, and one of them of his own accord, and not acting in behalf of the broker, mentioned to another that the property was for sale, and such last mentioned person thereupon looked into the matter and finally became the purchaser, the agency of the broker in inducing the sale was not sufficiently direct to entitle him to a commission."

The case at bar is not one where " the broker merely talked about the property with different persons and one of them of his own accord " mentioned to a third person that the property was for sale. Further, what the court meant when they said in *Gleason* v. *Nelson* that the intermediary must be one " acting in behalf of the broker " was that in the case then before the court, if the intermediary was not acting as agent for the plaintiff, there was not a sufficiently close connection between the act of the broker and the making of the sale to make out that the broker's services were the cause of it. But in the case at bar, although Casey did not intend to act as agent for the plaintiff, the plaintiff intended to use Casey as an instrument in getting

a purchaser for the defendant's saloon, and he was successful in getting a purchaser by those means. Casey did what the plaintiff hoped and expected he would do when he furnished him with the name of the plaintiff's liquor business for sale, namely, he brought it to the attention of a man to whom he was willing to advance the money necessary to buy the business, in order to get another purchaser of his (Casey's) company's ale. In our opinion that was sufficiently direct to make out the fact that the plaintiff's services were the cause of the sale.

2. The next objection taken by the defendant is that he authorized the plaintiff to find a customer for $10,000, and all that the customer found by the plaintiff paid was $8,950 less a rebate received from the city of Boston for the unexpired term, amounting to $900. *French* v. *McKay*, 181 Mass. 485, is decisive against that contention.

The defendant relies on *Crowninshield* v. *Foster*, 169 Mass. 237, in this connection. That was a case of competing brokers, where the plaintiff failed to sell and the other broker succeeded in selling. In that connection the fact that the offer which was accepted was substantially different from that which was rejected is important on the question whether the plaintiff was the efficient cause of the sale. In the case at bar Casey was not a broker and did not claim a commission.

3. The next exception is that taken to the refusal to give the fourteenth and sixteenth rulings asked for.

The defendant's argument here is that it was Casey's interest to get the place as cheaply as possible because his company was to advance the purchase money; that under *Gleason* v. *Nelson*, 162 Mass. 245, the plaintiff cannot recover a commission unless Casey acted as the plaintiff's agent, and consequently that there was a conflict of interest within the rule of *Rice* v. *Wood*, 113 Mass. 133.

But as we have already said, we are of opinion that the plaintiff can recover his commission, although Casey was not (and on the evidence he was not) acting as the plaintiff's agent.

*Exceptions overruled.*