## No. 11,352.

### NIEBERGALL, ET AL. *v.* JAMES.

Decided October 19, 1925.

Action by real estate broker for commission. Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. BROKERS—*Real Estate—Commission.* That a person with whom a broker unsuccessfully negotiates for a sale calls the attention of another to the property, and that other finally buys it, does not give the broker a right to a commission.

2. *Real Estate—Commission.* A real estate broker is entitled to a commission only if what he does is the immediate and efficient cause of the sale.

*Error to the District Court of Adams County, Hon. S. W. Johnson, Judge.*

Mr. IRA C. ROTHGERBER, Mr. WALTER M. APPEL, for plaintiffs in error.

Mr. J. PAUL HILL, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action by a real estate agent to recover a commission for services in procuring a sale. Judgment for plaintiff, and defendants bring the cause here on writ of error, and apply for a supersedeas.

The material facts are not in dispute. The sole question ultimately is: Was the plaintiff the procuring cause of the sale, so as to be entitled to compensation?

The complaint alleges that plaintiff showed defendants' property to one R. E. Rudd, and that thereafter the defendants sold the same to Rudd.

Some time in January, 1925, Rudd came into the office of plaintiff and said that he had some property in Aurora, Colorado, which he would like to trade in for some other place. Plaintiff then informed defendants of this situation. Defendants later looked at Rudd's property, and informed plaintiff that they would not consider it. Rudd too, gave up the idea of trading his property, because he could not get financial aid from his banker, a Mr. Gilligan.

Some time later Gilligan asked Rudd whether there would be a chance of getting defendants to trade their property for Gilligan's property, and Rudd said he didn't know. Gilligan thereafter saw defendants, and traded his property for theirs. Rudd then went on the defendants' ranch as a tenant of Gilligan, and still later Rudd made some arrangement with Gilligan whereby title was transferred, or agreed to be transferred, to Rudd.

There is a multitude of cases dealing with situations somewhat analogous to that appearing here, some holding the broker entitled to a commission, and others holding to the contrary, depending upon various circumstances. The instant case falls within the rule stated in 9 C. J. 614, as follows: "The facts that a person with whom the broker unsuccessfully negotiated for a sale called the attention of another to the property, and that the other finally bought it, do not give the broker a right to a commission."

The broker is entitled to a commission only if what he did was the immediate and efficient cause of the sale. In *Gleason v. Nelson*, 162 Mass. 245, 38 N. E. 497, it is said: "If the broker merely talked about the property with different persons, and one of them of his own accord, and not acting in behalf of the broker, mentioned to another that the property was for sale, and such last mentioned person thereupon looked into the matter and finally became the purchaser, the agency of the broker in inducing the sale was not sufficiently direct to entitle him to a commission."

In the instant case, Rudd, the party procured by plaintiff, could not himself go on with the negotiations; he was unable to finance a deal, and defendants would not accept his Aurora property. In common parlance, Rudd gave up. He did not try to induce Gilligan to go on with any negotiations, but Gilligan himself took the initiative, and traded with defendants. The defendants never knew that plaintiff was concerned until this action was brought. There is no bad faith with which they may be chargeable.

It is true Rudd finally became a purchaser, but it was through the efforts of Gilligan and not of plaintiff, and that circumstance is not sufficient to take this case out of the rule above quoted from C. J. Gilligan was not a mere channel through which title passed from defendants to Rudd, so that *Williams v. Bishop*, 11 Colo. App. 378, 53 Pac. 239, relied on by plaintiff, is not controlling here.

For reasons above indicated, the judgment is reversed,

and the cause remanded with directions to enter judgment for defendants.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.