JOHN A. COLE *vs.* FREDERICK J. VAN ETTEN & others.

Suffolk. January 13, 1928.— April 4, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Broker,* Commission.

An owner of real estate employed a broker to procure a loan secured by a mortgage upon the property. The broker thereupon brought the matter to the attention of a second broker, whom he introduced to the owner and who, he informed the owner, was acting in conjunction with him in the matter. Following several conferences between the owner, the brokers, and the officers of a bank, at some of which conferences the first broker was not present, it was agreed between the bank and the owner that the bank should make the loan and accept a mortgage upon the property on certain terms. There was nothing to show that the second broker was acting independently of the first broker, or that the owner believed he was so acting. In the meantime, the existence of a notice of *lis pendens* upon the property was discovered, which was not mentioned in the agreement between the bank and the owner, and the bank refused to make the loan unless the owner furnished a bond of a certain sum to take care of the *lis pendens.* No condition as to such bond was placed on the first broker's employment by the owner. Because of the owner's inability to furnish such a bond, the loan was not made. *Held,* that

(1) The first broker properly could be found to have earned a commission as the efficient cause of procuring a lender ready, able and willing to make a loan on the owner's terms;

(2) The fact, that the second broker was mainly instrumental in accomplishing the agreement between the bank and the owner, did not prevent the recovery of the commission in an action by the first broker;

(3) The condition as to the *lis pendens* bond, and the bank's refusal to make the loan, were not a bar to the right to a commission.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated January 28, 1927.

The suit was heard by *Morton, J.,* a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926). Material facts found by the judge are stated in the opinion. By order of *Lummus, J.,* a final decree was entered adjudging the defendant Van Etten to be indebted to the plaintiff in the sum of $5,295.50, execution to issue therefor. The defendants Van Etten and F. J. Van Etten Company appealed.

*James J. McCarthy,* for the defendants Van Etten and F. J. Van Etten Company.

*W. G. Todd,* for the plaintiff.

CARROLL, J. This suit in equity is to reach and apply the defendant Van Etten's property, for the payment of services alleged to have been rendered by the plaintiff in procuring a loan of $500,000 secured by a mortgage on real estate in Boston. In the Superior Court there was a final decree for the plaintiff; the defendants appealed.

The trial judge found that Van Etten, hereinafter called the defendant, admitted that he employed the plaintiff to secure the loan, but contended that the loan was to be made only on condition that the lender should be satisfied with a bond already given by a casualty company to take care of a *lis pendens*; that the plaintiff was employed as a broker to place the loan without any such condition; that the plaintiff brought the matter to the attention of O'Hara, another broker; that after consultation with O'Hara, the plaintiff again saw the defendant and informed him of a proposition, from a bank, conditioned on the defendant buying certain real estate owned by the bank; that O'Hara was then introduced to the defendant by the plaintiff, who told the defendant that O'Hara was acting with him in placing the loan; that officers of the Atlantic National Bank, O'Hara,

the plaintiff and the defendant discussed the matter; that other conferences followed between the officers of the bank, O'Hara and the defendant, at which the plaintiff was not present, and August 19, 1926, the defendant wrote a letter, addressed to I. E. Williams & Company real estate brokers "Attention Mr. L. E. O'Hara," in which it was stated: "if the Atlantic National Bank of Boston will loan on that property the sum of Five Hundred Thousand ($500,000.00) Dollars for a term of ten (10) years upon the note of the Trustees of the Ninety Commonwealth Avenue Trust, that the said Trustees will pay on account" as set out in the letter; that the letter further stated that if the mortgage was accepted on these terms the defendant agreed to arrange for the purchase of property owned by the bank, situated on State Street, Boston, for the sum of $350,000, the details of this purchase being enumerated; that this letter was given to the plaintiff who delivered it to O'Hara, and that certain changes in the letter were made at the suggestion of the bank, which were agreed to by the defendant.

The judge further found that in the meantime it was discovered that a *lis pendens* was on record relating to a suit in equity against the defendant; that a bond had been given by a surety company to take care of the *lis pendens* in the sum of $225,000; that the bank refused the loan unless the defendant furnished a bond for $500,000. The defendant made every effort to obtain such a bond but was unsuccessful and the loan was not made. It was found that the defendant and the bank agreed to the loan; that the existence of the *lis pendens* was the only obstacle to carrying out the agreement; that O'Hara was acting in conjunction with the plaintiff in placing the loan "and in the plaintiff's behalf, and not in behalf of I. E. Williams & Company"; that there was no evidence to show that O'Hara was acting as an independent broker or that the defendant believed or had reason to believe that he was so acting.

An examination of the reported testimony shows that there was evidence to support these findings. There was evidence that the defendant employed the plaintiff to secure the loan and evidence indicating that no condition as to procuring a

bond was placed on the plaintiff's employment. The judge could properly find on the evidence before him that O'Hara was working in conjunction with the plaintiff, and that the defendant did not know O'Hara until he was introduced to him by the plaintiff; that the bank was ready, able and willing to make the loan, and the parties had come to an agreement substantially in accord with the terms stated in the letter of August 19.

The broker earned his commission if he was the efficient cause of procuring the bank to agree to make the loan under the terms of his employment. *Ripley* v. *Taft*, 253 Mass. 490, and cases cited. There was no question that the bank was ready, able and willing to make the loan, and it could have been found that the loan to be made was in accordance with the terms of the plaintiff's employment. The fact that O'Hara was mainly instrumental in accomplishing the agreement of the bank with the defendant did not prevent the plaintiff's recovery. O'Hara was acting in conjunction with the plaintiff, he became interested through the efforts of the plaintiff, and the plaintiff, it could have been found, was the efficient cause of the negotiations and the agreement for the loan. *Gleason* v. *Nelson*, 162 Mass. 245. *Carnes* v. *Finigan*, 198 Mass. 128.

The broker is not to be deprived of his commission because the defendant did not carry out the transaction. *Carnes* v. *Finigan, supra*. The condition as to the *lis pendens* bond was not a bar to the plaintiff's right to a commission. See *Fitzpatrick* v. *Gilson*, 176 Mass. 477.

There is nothing in *Woods* v. *Matthews*, 224 Mass. 577, *Marden* v. *Howard*, 242 Mass. 350, *Pagum* v. *White*, 259 Mass. 437, on which the defendant relies, in conflict with what is here decided. The terms proposed by the defendant were accepted by the bank. The question of the *lis pendens* was not mentioned in the letter of August 19. The bank could properly insist on a good title, and insist on an adequate bond to take care of the pending suit. These circumstances did not prevent the plaintiff from being the efficient cause in securing the agreement for a loan.

*Decree affirmed with costs.*