SAMUEL L. DANA *vs.* ROY A. HOVEY.

SAME *vs.* COMMISSIONER OF BANKS.

SAME *vs.* SAME.

Suffolk.    March 29, 1928.— June 6, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Deceit. Commisssioner of Banks. Contract,* Implied. *Mandamus. Equity Jurisdiction,* Suit against public officer.

An action of tort for deceit cannot be maintained against the commissioner of banks in possession of the property and business of a trust company by one whom, through expectation of remuneration for his services, he had induced to seek a purchaser of a note of a corporation which was among the trust company's assets, and to whom he had represented that such corporation was a present going concern of financial responsibility, whereas the corporation whose name was on the note, while it had the same name as that of an existing corporation, later incorporated and of financial responsibility, which the commissioner had in mind when he made the representations, was a corporation with a distinct legal entity having no financial standing, it having transferred all its assets to the second corporation without any agreement on the second corporation's part to assume the first corporation's liabilities, where it appears that, when the commissioner made the representations, he in good faith and by reason of dealings with the second corporation as to the note thought the second corporation was the maker of the note, and that the same means of information were open to the plaintiff as to the commissioner, and that the commissioner had not sought to divert the plaintiff's attention therefrom.

It appeared that the commissioner had agreed with the plaintiff in the action above described that, if he would procure a purchaser for the corporation's note on certain terms, the commissioner would recommend the acceptance of the offer to the Supreme Judicial Court and would file a petition in that court for authority to accept the offer; and, in the event that such sale were approved, but not otherwise, would recommend to the court that payment be made by the defendant to the plaintiff out of the assets of the trust company for his services.    The true identity of the corporation which made the note was discovered after the plaintiff had procured a customer who had agreed to purchase the note, believing that the maker was the second corporation.    After the true identity of the maker corporation became known and the second corporation had refused to guarantee payment of the note, the plaintiff's customer was unwilling to purchase the note, the commissioner presented no petition for authority to accept the offer, and the negotiations with the plaintiff and his customer terminated.    Sub-

sequently, the commissioner by threatening the officers of the second corporation induced them to purchase the note and mortgage on terms somewhat more favorable than those offered to the plaintiff. *Held*, that the foregoing facts presented no ground for the maintenance either of a petition for a writ of mandamus or a suit in equity to compel the commissioner to pay to the plaintiff from the assets of the trust company a commission which he had agreed to pay only on the performance of conditions precedent which had not been performed.

CONTRACT OR TORT. Writ dated October 25, 1926. Also, a

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on April 29, 1927, for a writ of mandamus. Also, a

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on April 29, 1927.

The pleadings and proceedings in the three cases are stated in the opinion. The action at law came to this court on a report by *Bishop*, J. The petition and the bill in equity were reserved by *Wait*, J., for determination by the full court.

*J. J. Kaplan*, for the plaintiff.

*F. D. Bonner*, (*G. L. Vaughan* with him,) for the defendants.

CROSBY, J. These cases are based upon the same cause of action. The first is an action of tort, the second a petition for a writ of mandamus, and the third a suit in equity. All are brought because of the uncertainty of the plaintiff as to the appropriate remedy. The action of tort is reported to this court on an agreed statement of facts; the other two were consolidated and reserved for determination by this court upon agreed statements of facts practically identical with those in the action of tort. The agreed facts are substantially as follows:

In January, 1925, Roy A. Hovey, the commissioner of banks, had in his possession as assets of the Cosmopolitan Trust Company a note executed in the name of "Alles & Fisher, Inc." upon which $92,500 remained unpaid; the note was secured by a mortgage on real estate. On or about the fifteenth day of that month Hovey submitted the note to the plaintiff, stating that it was signed by the Alles & Fisher, Inc., which was engaged in business on the premises. After some negotiations it was agreed that if the plaintiff would procure a purchaser for the note who would pay the amount due

thereon less a discount of one per cent per annum for the unexpired term of the note, the defendant would recommend the acceptance of the offer to the Supreme Judicial Court and would file a petition in that court for authority to accept the offer; and, in the event that such sale were approved, but not otherwise, would recommend to the court that payment be made by the defendant to the plaintiff out of the assets of the trust company of $1,800 for his services. At the request of the plaintiff the defendant entrusted the note and mortgage to him "so that he might be in full possession of the facts relative to same."

The Alles & Fisher, Inc. then engaged in business on the premises was in good financial standing. It was organized in 1920, and will hereafter be referred to as the 1920 corporation. The plaintiff believed the statement of the defendant that the note was signed by this corporation, and in reliance thereon spent considerable time and effort in procuring a purchaser who was ready, able and willing to buy the note and mortgage upon the terms before stated, and who relied to a substantial extent upon the identity of the maker of the note as the 1920 corporation. The plaintiff reported to the defendant that he had secured a customer and negotiations followed for the purpose of carrying out the sale. At the request of the plaintiff, the defendant obtained and submitted to him financial reports of Alles & Fisher, Inc. from two financial agencies; and it then for the first time came to the knowledge of either the plaintiff or the defendant that the note was made by Alles & Fisher, Inc. organized in 1918, a distinct legal entity, of no financial standing, which had transferred all its assets to the 1920 corporation. The vote authorizing the transfer contained no provision as to the assumption of the liabilities of the predecessor corporation by the 1920 corporation. As the note was much less valuable or marketable than it would have been if made by the 1920 corporation, the plaintiff's customer was unwilling to purchase it unless the 1920 corporation would guarantee its payment. The defendant was unable to procure such guaranty; no petition was filed in court praying for authority to accept the offer, and the negotiations were terminated.

The defendant in good faith believed the note was made by the 1920 corporation; he relied upon the fact that payments on account of both principal and interest on the note had been made from September, 1920, and indorsed thereon, and also upon the fact that negotiations had previously been entered into by the defendant with the officers of the 1920 corporation with a view to paying the note and mortgage, and during all these negotiations no claim was made by that corporation that it was not liable on the note. The defendant informed the plaintiff that the officers of the 1920 corporation had offered to pay the note at a substantial discount; this offer had been refused. Afterwards, without the knowledge of the plaintiff, the defendant by threatening proceedings against the 1920 corporation induced its officers to purchase the note and mortgage on terms somewhat more favorable than those offered to the plaintiff. Thereupon the defendant filed a petition in court asking for authority to transfer the note and mortgage in accordance with the agreement. The petition was granted. It is agreed that the services rendered by the plaintiff are of the fair value of $1,800.

The action at law against the defendant was originally in contract or tort; at the trial the plaintiff elected to allow the action to stand in tort for deceit. He relies upon acts and alleged misrepresentations as to the identity of the maker of the note. There is no doubt that such representations were false, and that they were material. It is plain, however, that they were made without any intent to deceive the plaintiff. There is nothing to show that the representations were made recklessly or carelessly by the defendant, nor is there anything indicating a disregard of the truth or falsity of his statements, in view of the fact that the 1920 corporation had been making payments both of principal and interest on the note from September, 1920, and had offered to pay it at a discount. The defendant informed the plaintiff of these facts, and it therefore cannot be said that the statements of the defendant were made recklessly.

It was said in *Mabardy* v. *McHugh*, 202 Mass. 148, at page 151, ''It is an ancient and widely, if not universally,

accepted principle of the law of deceit that, where representations are made respecting a subject as to which the complaining party has at hand reasonably available means for ascertaining the truth and the matter is open to inspection, if, without being fraudulently diverted therefrom, he does not take advantage of this opportunity, he cannot be heard to impeach the transaction on the ground of the falsehoods of the other party." In the present case the identity of the maker of the note and mortgage could have been as readily ascertained by the plaintiff as by the defendant. Cases cited by the plaintiff, including *David* v. *Park*, 103 Mass. 501, *Holst* v. *Stewart*, 161 Mass. 516, *Whiting* v. *Price*, 172 Mass. 240, *Arnold* v. *Teel*, 182 Mass. 1, and *Lynch* v. *Palmer*, 237 Mass. 150, are distinguishable in their facts from the case at bar for the reasons that in those cases the false representations were either knowingly made or the assurances of the person making them were calculated to cause the other party to refrain from an examination which would otherwise have been made. See *Rollins* v. *Quimby*, 200 Mass. 162, 166.

The plaintiff contends that he is entitled to relief under the rule stated in *Vickery* v. *Ritchie*, 202 Mass. 247. In that case, through a mutual, honest mistake of the parties in making a contract for the construction of a building on land of the defendant, it appeared that no binding contract was entered into by them. But it was held that the plaintiff was entitled to recover upon a *quantum meruit* the fair value of the labor and materials furnished irrespective of the value which the erection of the building did or did not add to the land. In the case at bar no benefit accrued to the defendant by reason of the plaintiff's efforts; and it appears from the agreed facts that it was within the contemplation of the parties that the plaintiff was to receive compensation for his services only if he produced a customer willing to pay in accordance with the defendant's terms, and an acceptance of the offer had been approved by the court, "but not otherwise." The prospective purchaser never agreed to buy on the terms embraced in the original agreement of the defendant. It follows that the decision in *Vickery* v. *Ritchie* has no application to the case at bar. The transaction between

the parties in the present case is like that considered in *Elliott* v. *Kazajian*, 255 Mass. 459.   It in effect was an offer by the defendant to the plaintiff similar to the listing of property for sale with a real estate broker.   Unless the broker finds a purchaser a contract does not come into existence and he is not entitled to compensation.   The fact that the defendant obtained payment of the note without the knowledge of the plaintiff does not entitle the latter to compensation.   *Doten* v. *Chase*, 237 Mass. 218.   It is manifest upon the agreed facts that the action for deceit cannot be maintained.

"The general rule is that, to maintain a petition for mandamus, the petitioner must show some private right or interest beyond the right and interest of the public.   But when the question is one of public right and the purpose is to procure the performance of a public duty, and no other remedy is open, a petitioner need not show that he has any special interest in the result: it is sufficient that as a citizen he is interested in the due execution of the laws."   *Bancroft* v. *Building Commissioner of Boston*, 257 Mass. 82, 84.   *Union Pacific Railroad* v. *Hall*, 91 U. S. 343, 355.   A writ of mandamus will not issue if there is other relief afforded either by the common law or by statute.   *County Commissioners* v. *Mayor of Newburyport*, 252 Mass. 407, 410.   Inasmuch as the petitioner never produced a purchaser in accordance with the terms of the offer of the defendant, and as no offer procured by the plaintiff has been accepted by the defendant or approved by the court, mandamus will not lie directing the defendant, as commissioner, to approve the payment to the petitioner of $1,800, or of any other sum.   *Noyes* v. *Caldwell*, 216 Mass. 525.   *Clark* v. *Hovey*, 217 Mass. 485.   *Levene* v. *Crowell*, 243 Mass. 441.

We need not consider the other grounds upon which the defendant contends that the petition for mandamus will not lie.

As the plaintiff is not entitled to compensation for his services for the reasons stated, the suit in equity seeking that the defendant, as commissioner of banks, be ordered to pay to the plaintiff $1,800, or recommend such payment, cannot be maintained.

The result is that in the action at law judgment is to be entered for the defendant; the petition for mandamus is denied; and in the suit in equity a decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*