## LYNCH v. ELLIOTT.

No. 12343.

Court of Civil Appeals of Texas. Dallas.

March 19, 1938.

Haskell H. Cooper, of Dallas, for appellant.

C. A. Matthaei and John G. Whitaker, both of Dallas, for appellee.

YOUNG, Justice.

An appeal is here lodged from a judgment rendered in the county court at law No. 2, Dallas county, against appellant in the sum of $250, as alleged agent's commission for the sale of real estate. We do not have the benefit of a brief for appellee, but referring to the parties as in their trial pleadings, we find from the material allegations of Elliott, plaintiff below, that on and prior to March 10, 1935, the property in question had been listed with plaintiff by defendant for sale;

at $12,500 cash, or on other terms agreeable to defendant; that on said date, following an advertisement in a local newspaper, one Mrs. B. T. Knight secured the location of said property from plaintiff, for the benefit of E. J. Boyd and wife, who later purchased the same direct from defendant; that plaintiff at once notified the defendant of the conversation with Mrs. Knight and requested defendant to look out for such prospects, who, it was alleged, subsequently negotiated for such property; further that, as a result of this advertisement of plaintiff, he became the procuring cause of said sale. Fraud and conspiracy by the defendant and the purchasers of the property, to wit, E. J. Boyd and wife, were also alleged. Upon a trial to the court, judgment was rendered for plaintiff against defendant upon a finding that plaintiff and Jacques LaFlore were jointly the procuring cause of said sale, though said last-named person was not a party to said suit, and was making no claim for commission. The trial court made these findings of facts, among others:

"(5) That after the property was listed for sale with plaintiff he gave the information to Mrs. B. T. Knight who in turn gave it to Mrs. A. S. Boyd and her husband E. J. Boyd who went to see the property.

"(6) That plaintiff notified defendant H. L. Lynch that Mrs. B. T. Knight would be by to look at the property with Mrs. A. S. Boyd and her husband E. J. Boyd, although the latter two were not specifically called by name, before they looked at the property.

"(7) That as a result of this communication to Mrs. A. T. Knight and through her to Mr. and Mrs. Boyd the seller and purchaser were brought together and the sale later consummated."

During March, 1935, this property had been listed by defendant with plaintiff for sale. However, such was not an exclusive listing, and the owner (defendant) was privileged to make sale of same individually or through other agents, without incurring liability to plaintiff for a commission thereon. Alley v. Griffin, Tex.Civ.App., 215 S.W. 479. In this connection, we quote the following familiar principle of real estate law: "The underlying basis of all claims by brokers to commissions is that they were the procuring cause of the sale. No matter how great the exertions of the brokers may have been they cannot recover for their services if the contract of sale was made without their intervention". 7 Tex.Jur., Brokers, 475; English v. William George

Realty Co., 55 Tex.Civ.App. 137, 117 S.W. 996. The meaning of "procuring cause" has been so frequently stated in the decisions that only a reference to same is necessary (7 Tex.Jur., supra, 476, § 79); and the plaintiff had the burden of establishing this essential element of his claim.

Defendant contends that the evidence conclusively shows the sale in question to have been effectuated through his own efforts, or through other means entirely disassociated from the services of plaintiff; and, in several propositions, the sufficiency of the testimony to support the above findings of the trial court is challenged. From an inspection of the statement of facts, we conclude these propositions must be sustained. It is clear that the defendant and the purchasers, E. J. Boyd and wife, Mrs. A. S. Boyd, became acquainted some time prior to March 10, 1935, at which time, plaintiff testified, he informed Mrs. B. T. Knight by telephone of the location of the property referred to in the plaintiff's advertisement of that date. But this information was not passed on to the Boyds, according to their unequivocal testimony, and that of Mrs. Knight; neither did the Boyds have any knowledge of the newspaper advertisement of the plaintiff concerning the property in question. These purchasers, then, having already obtained the location of the premises through another source, and having contacted defendant and carried on their personal negotiations to a close, how could the plaintiff have rendered any efficient service in consummating the sale as broker? We find no warrant in the record for the above findings 5 and 7, by the trial court; in fact, the testimony of the respective parties directly negatives such findings so far as the Boyds are concerned. Even assuming, in the face of the record here, that Mrs. Knight actually communicated to Mr. and Mrs. Boyd the location of the listed property, in view of the previous relations and dealings of the latter parties—the purchasers—with defendant, the value of such information in consummating a sale already in progress would have been negligible. Clamp v. Patton, Tex.Civ.App., 5 S.W.2d 584, 586, is stronger in material facts than the instant case. In holding that no commission was due, Judge Higgins there said: "But the evidence quoted conclusively shows that Patton did not find the purchaser, nor did he render any service in consummating the sale when a prospective purchaser appeared upon the scene, except, in response

to an inquiry from another acting for the proposed purchaser as to the identity of the man owning the cattle, he gave Clamp's name and told where the cattle could be found." And from Gleason v. Nelson, 162 Mass. 245, 38 N.E. 497, we quote: "Where there has been no direct communication between the broker and the purchaser, it must be shown affirmatively that the latter was induced to enter into the negotiations which resulted in the purchase through the means employed by the broker for that purpose."

We hold that plaintiff, under the record here, has in no sense met the requirements of the last stated principle of law. This case appears fully developed. Because of the insufficiency of the evidence to support the finding of the trial court that plaintiff was the procuring cause of the sale, the judgment below is reversed and here rendered for appellant.

Reversed and rendered.