LEONARD T. MANNING *vs.* SPRINGFIELD INSTITUTION FOR SAVINGS.

Hampden.    November 8, 1944. — January 4, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Broker*, Commission.    *Damages*, For breach of contract.

Evidence, that a real estate broker, without being given any terms upon which a savings bank would be willing to sell certain property owned by it, introduced to a representative of the bank one who then made an offer to purchase the property, both the broker and his customer knowing that the offer would have to be approved by the board of investment of the bank before it could be accepted; that in violation of a promise made by the bank's representative to them, its president stated to a lessee of the property that it had an offer for the purchase of the property and the lessee made an offer which was approved by the board of investment; and that the property was sold to him, would not have warranted a finding that the broker was entitled to recover a commission from the bank: the offer of the broker's customer was not accepted by the bank, and the lessee who purchased the property was not a customer procured by the broker.

A real estate broker was not entitled to maintain an action against a savings bank on the alleged ground that he had introduced to a representative of the bank a customer for certain real estate owned by it and the customer had made an offer which would have been accepted by the bank's board of investment had not the president of the bank, in violation of a promise made by the bank's representative to the broker and his customer, stated to a lessee of the premises that the bank had an offer for purchase of the property and received from the lessee an offer which resulted in the property being sold to him,

where the broker did not claim nominal damages and the evidence left it a matter of conjecture whether the offer of the broker's customer would have been accepted by the board of investment if there had been no offer by the lessee.

CONTRACT OR TORT.   Writ in the Superior Court dated July 28, 1942.

The case was tried before *Broadhurst,* J.

In this court the case was submitted on briefs.

*C. V. Ryan,* for the plaintiff.

*J. H. Jones, J. H. Mitchell,* & *J. B. Nason,* for the defendant.

RONAN, J.   This is an action of contract or tort brought by a real estate broker to recover a commission.   It is alleged in the first count of the declaration that the plaintiff was employed by the defendant to procure a customer to purchase certain property owned by the defendant and known as the Milner Hotel; that he procured a customer who, after it was orally agreed between the plaintiff and the representative of the defendant that the latter would not inform the lessee of the premises that it had an offer if the plaintiff's customer should make an offer, made an offer to purchase the property and paid a deposit to the defendant; that the defendant terminated the plaintiff's employment one week after the said offer was made and sold the property to the lessee upon terms substantially similar to those contained in the offer made by the plaintiff's customer; that the plaintiff was the efficient cause of the sale to the lessee; and that the defendant acted in bad faith and received the benefits of the plaintiff's services without paying him his commission.   The second count was on an account annexed for services in making a sale of the defendant's property. The judge, subject to the plaintiff's exception, directed a verdict for the defendant and reported the case with a stipulation of the parties that, if the case ought to have been submitted to the jury, judgment should be entered for the plaintiff for $3,350 and interest;   otherwise judgment should be entered for the defendant.

The evidence considered in the view most favorable to

the plaintiff may be briefly summarized. The plaintiff, doing business in New York City, learned that the defendant owned two hotels which it desired to sell. One of the properties was known as the Milner Hotel. In accordance with an appointment with one Taylor, who was in charge of the defendant's real estate department, the plaintiff, accompanied by one Margolis, went to the defendant's bank on April 27, 1942, and requested and received permission to inspect the Milner Hotel. Margolis informed Taylor that they did not want to waste their time if any offer they made would be disclosed to the lessee, and Taylor replied that "We wouldn't do anything like that." After inspecting the hotel, Margolis made a written offer which the plaintiff and Margolis knew would have to be approved by the board of investment of the bank before it could be accepted. Taylor inquired what commission the plaintiff "expected out of the sale." The plaintiff stated that he was not familiar with the rates in Springfield. Taylor after looking at a list said that his commission would amount to $3,350. The plaintiff replied that this amount would be satisfactory. The president of the bank, soon after he had learned of the offer of Margolis, notified the lessee that the bank had an offer for the property, and submitted an offer to the lessee which was accepted by the lessee and was later approved by the board of investment. The property was sold to the lessee. The offer of Margolis was never accepted by the defendant. The plaintiff never conducted any negotiations with the purchaser.

The bank never gave the plaintiff any terms upon which it would be willing to sell the property. It was willing to receive offers and submit them to the board of investment. The plaintiff knew that the board could accept or reject the offer of his customer and that, until the offer was accepted, the bank would not be bound to sell the property to Margolis. The offer was never accepted. Margolis and the bank never agreed upon the terms of sale. The plaintiff could not recover a commission for producing Margolis as a customer. *Doten* v. *Chase*, 237 Mass. 218. *Ballou* v. *United Button Co.* 241 Mass. 457. *Dana* v. *Hovey*, 264 Mass. 79,

84. *Chamberlain* v. *New England Dressed Meat & Wool Co.* 279 Mass. 462. *Cramer* v. *Wood*, 302 Mass. 161. *Cronin* v. *National Shawmut Bank*, 306 Mass. 202. *Shapiro* v. *Segal*, 316 Mass. 556, 557.

The principal contention of the plaintiff is that the bank, in violation of the agreement made with Taylor, informed the lessee that it had an offer for the purchase of the property, that as a result of this disclosure the lessee became the purchaser, and that his services were the efficient cause of the sale to the lessee and he is thereby entitled to a commission. If he cannot prevail on this ground, the plaintiff further contends that the bank would have accepted the offer of Margolis if the lessee had not submitted an offer and that in that event he would be entitled to a commission.

The plaintiff admittedly did not procure the lessee as a customer. Upon all the evidence the lessee became the purchaser solely through the efforts of the president of the bank, who was acting in behalf of the bank and not in behalf of the plaintiff. Indeed, it is the plaintiff's position that, in dealing with the lessee, the president of the bank was acting adversely to the plaintiff. In these circumstances, the plaintiff cannot recover a commission because he did not produce the lessee as a customer. *Gleason* v. *Nelson*, 162 Mass. 245. *Walsh* v. *Grant*, 256 Mass. 555. *Kacavas* v. *Diamond*, 303 Mass. 88. *Sherman* v. *Briggs Realty Co.* 310 Mass. 408, 412. *Shapiro* v. *Segal*, 316 Mass. 556, 557.

The plaintiff, in order to recover compensatory damages on the ground that, but for the offer of the lessee, the board of investment would have accepted the offer of Margolis, had the burden of proving that such a result would have occurred. He suggests that the offer of the lessee was so similar to the offer of Margolis that the board would have accepted the offer of the latter if the former had not made one. An examination of both offers shows that they differed in material respects, and it does not follow from the acceptance of the lessee's offer that the board would probably have accepted the offer of Margolis if no other offer had been submitted. Furthermore, Margolis, though financially responsible, was a stranger to the bank, while the lessee

had dealt with the bank for more than five years and the relations between them were pleasant. The extension of credit depends on more than the financial worth of the borrower. None of the members of the board testified. The board was free to take such action as it deemed to be in the best interests of the bank, and it is difficult to state what its decision would have been in a situation which never came to pass and to determine whether the board would have accepted the offer of Margolis if that offer alone had been submitted to it. The plaintiff knew that the defendant was under no obligation to sell to Margolis. *Edge Moor Bridge Works* v. *County of Bristol,* 170 Mass. 528. *Montgomery Ward & Co.* v. *Johnson,* 209 Mass. 89. He had nothing more tangible than a hope or a possibility that the defendant might sell its property to his customer. *Hall* v. *First National Bank,* 173 Mass. 16, 19. *Pisco-Pausata* v. *Oliver Ditson Co.* 276 Mass. 377, 380. He cannot complain that the defendant refused to deal with Margolis and, if the sale to the lessee was a breach of Taylor's promise, the plaintiff, who makes no claim for nominal damages, is not entitled to compensatory damages, because upon this record such action as the board might have taken on the offer of Margolis, if no offer of the lessee had been submitted to it, is a matter of conjecture, speculation and surmise. *Lamb* v. *Stone,* 11 Pick. 527. *Wellington* v. *Small,* 3 Cush. 145. *Bradley* v. *Fuller,* 118 Mass. 239. *Dudley* v. *Briggs,* 141 Mass. 582, 587. *Noble* v. *Hand,* 163 Mass. 289. *New England Iron Works Co.* v. *Jacot,* 223 Mass. 216. *Dana* v. *Hovey,* 264 Mass. 79, 84. *Loughery* v. *Bright,* 267 Mass. 584. *Abbott* v. *Bean,* 295 Mass. 268, 280. *Osage Oil & Refining Co.* v. *Chandler,* 287 Fed. 848.

There was no error in directing a verdict for the defendant, and in accordance with the stipulation of the parties judgment is to be entered on the verdict.

*So ordered.*