Rollins, J.
This is an action of contract in which the plaintiff, a delivery man, employed by a milk dealer, seeks to recover a commission, or compensation, for procuring a buyer of the house and land at No. 85 Sanborn Ave., West Roxbury, owned by the defendants.
The defendants were husband and wife and held title to the real estate as tenants by the entirety.
The trial judge made the following Finding of Facts: Rulings of Law: Order for Judgment:
*191 FINDINGS OF FACT:
“1. The plaintiff, employed by a milk dealer, was asked by the defendant, Patricia Foley, if he wanted to buy the house she lived in. On his refusal, she told him it was for sale, $8500. and if he could make a sale she would take care of him. 2. The title to the house was in the defendants, husband and wife, as tenants in the entirety. 3. The plaintiff knew that his friend, Thomas J. Doyle and wife, were looking for a house. He informed Mr. Doyle of the Foley property being for' sale but Mr. Doyle informed him he couldn’t buy so expensive a property. 4. Mr. Doyle telephoned his mother about the Foley property, knowing she was looking for a place to buy. 5. Mrs. Annette M. Doyle, mother of Thomas, made arrangements by telephone with Mrs. F'oley to see the house, and did inspect it. The next evening Mrs. Doyle came with her son, signed an agreement for sale, made out by another broker, McNulty, made a deposit of $200. and subsequently bought the house for herself. 6. The day after the sale to Mrs. Doyle, the defendant, Patricia Foley, told the plaintiff about it and thanked him for calling Mr. Doyle. She gave him $10.00, which he took without comment. 7. The next day the plaintiff sent defendant Patrick J. Foley a bill for $425. as commission due for selling the house of the defendant less $10.00 ‘received on account. ’ 8. The purchaser, Annette M. Doyle, had no dealings with the plaintiff and obtained all her information about the house, other than the son’s communication, from the defendant, Patricia Foley. 9. Mrs. Doyle had not known about the Foley property being in the market until told by her son. 10. No claim was made that Mrs. Doyle did not buy this property in good faith and for her use. 11. From the above findings, I infer and find as fact that the plaintiff was not' the predominating procuring cause of the sale.”
RULINGS OF LAW
1. The offer of the defendant to pay a commission to the plaintiff was an offer to pay only if a sale was accomplished through his efforts, and not to pay if he was a contributing cause of the sale. John L. Burns Inc. vs. Hands, 283 Mass. 420-422.
*192 The foregoing Findings of Fact contain all the material facts appearing in the Report except the following, which appear only in the Report :
“4. Thomas J. Doyle testified . . . that in consequence of the talk with his wife he told his mother (Annette M. Doyle, the purchaser of the property) about the Foley place being for sale; that some time prior to this he hacl informed the plaintiff that his mother also was looking for a house.”
and
“7. Mrs. Doyle . . . had met the plaintiff many years prior to the trial ...”
The plaintiff duly filed six requests for rulings. The first request which was denied was “Upon all the evidence a finding for the plaintiff is warranted.”
Request No. 5 was refused as inapplicable and Request No. 6 was denied as predicated on assumption contrary to facts found. The remaining requests were granted.
The plaintiff claiming to be aggrieved by the denial of his first, fifth and sixth requests, the case is reported to this Appellate Division for determination.
There was no error in the refusal to grant the first request.
Viewing the evidence in its aspect most favorable to the plaintiff and including in such evidence the facts that the plaintiff knew that the “Mother”, Annette M. Doyle, who became the purchaser was “looking for a house” and that she had met the plaintiff many years before, we do not believe such evidence warrants a finding for the plaintiff.
The plaintiff argues that it does warrant a finding for him under the decision of Carnes v. Finnegan, 198 Mass. 128.
In that case the defendant employed the plaintiff to find a purchaser for his liquor business. The plaintiff gave the *193 name of the defendant’s liquor business to an officer of a brewing company, which he knew was in the habit of advancing to persons in whom it had confidence and who would buy their goods of it, the money necessary to make purchases of liquor businesses. The officer of the brewing company did get a purchaser of the defendant’s business.
We do not believe the instant case is governed by that decision.
Here, aside from the fact that she was his mother, the plaintiff had no reason to believe that Thomas Doyle would communicate the facts of the house being for sale to his mother, the purchaser. .So far as the plaintiff knew he might or might not do so.
The plaintiff did not even ask Thomas Doyle to speak to his mother.
There is no evidence that Thomas' Doyle would secure any business advantage or make any profit by telling his. mother that this house was for sale.
We think the present case is rather governed by the principles set forth in Gleason v. Nelson, 162 Mass. 245, where it is said on page 250, “if the Broker merely talked about the property with different persons., and one of them of his own accord, and not acting in behalf of the broker, mentioned to another that the property was for sale, . . . and such last mentioned person looked into the matter and finally became the purchaser, the agency of the broker im indmcmg the sale was not sufficiently direct to entitle him to a commission.”
We find no error in the action of the trial judge on the plaintiff’s fifth and sixth requests.
The Order must be — Report Dismissed.