CHRIS S. APOSTOLON *vs.* GODDARD MEMORIAL HOSPITAL. June 6, 1967. In this action of contract to recover a broker's commission for obtaining a mortgage for the defendant (hospital), the judge denied, subject to exception, the hospital's motion that a verdict be entered for it under leave reserved. G. L. c. 231, § 120. Neither of the two points argued by the hospital has merit, having in mind the applicable standard of review. *Kelly* v. *Railway Exp. Agency, Inc.* 315 Mass. 301, 302. *Lubianez* v. *Metropolitan Life Ins. Co.* 323 Mass. 16, 20 1. The authority of the hospital's president to engage the plaintiff may be shown by his own testimony. *Eastern Paper & Box Co. Inc.* v. *Herz Mfg. Corp.* 323 Mass. 138, 142, and cases cited. The president's testimony, elicited by the hospital's counsel, that the trustees decided to obtain a mortgage and that he was "authorized to contact sources" was sufficient to warrant a finding that he had the requisite authority. In addition, the issue of lack of authority appears not to have been raised in the Superior Court. *Lee* v. *Allied Sports Associates, Inc.* 349 Mass. 544, 552. 2. The evidence warranted a finding that the plaintiff had done all that the terms of his employment required. The hospital's president had signed and delivered to the plaintiff an application for a mortgage loan from the life insurance company with which the plaintiff, to the knowledge of the president, had been negotiating, and had accepted from the plaintiff an authentic letter of commitment by the insurance company to make the loan on the terms requested. That the hospital subsequently negotiated the loan from a third party does not deprive the plaintiff of his right to the agreed commission. *Cole* v. *Van Etten,* 263 Mass. 278, 281.

*Exceptions overruled.*

*George L. Wainwright, Jr.,* for the defendant.
*Willis A. Downs* for the plaintiff.