CHARLES A. HALL *vs.* JAMES J. GRACE.

Suffolk. March 15, 1901. — June 19, 1901.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Agency,* Broker's commission. *Evidence,* Materiality, *Res inter alios.*

A real estate broker can recover a commission for services in effecting an exchange of lands, if he can show that he was the effective means of bringing about the exchange, although the transaction was completed through another broker and the bargain was modified in unessential terms.

In an action by a real estate broker to recover a commission for services in effecting an exchange of lands which was finally completed by other brokers, a letter from one of these other brokers to another of them, offered by the defendant as "a part of the history of the transaction which culminated in the sale," may be excluded as immaterial besides being *res inter alios.*

In an action by a real estate broker to recover a commission for services in effecting an exchange of lands, finally completed by other brokers and with certain changes in the bargain which the plaintiff contended were unessential details, it is proper to exclude evidence, offered by the defendant, as to the particular steps taken and the trouble experienced by the other brokers in carrying out the new features of the modified bargain, with which the plaintiff did not pretend to have anything to do and which he contended were not essential parts of the transaction; even if under any circumstances it would be pertinent, whether the plaintiff could have done the things which were done by the other brokers, and if the trouble of others would have been a criterion of what the plaintiff could have done.

CONTRACT to recover a commission for services as a real estate broker in effecting an exchange of certain lands of the defendant, situated in that part of Boston called Brighton, for the real estate known as the Hotel Langham, in Boston. Writ dated September 22, 1898.

At the trial in the Superior Court, before *Lawton,* J., it appeared, that the exchange was made in the summer of 1897, and that the Hotel Langham was then owned by George W. Morse, John W. Weeks and Jonathan D. Lane, as trustees of the Newton Land and Improvement Company. The plaintiff claimed a commission, as a real estate broker, for effecting this exchange. The defendant paid a commission for effecting the exchange to other real estate brokers, Whitcomb, Wead and Company, E. H. Eldredge and Company, and Pierce J. Grace, who acted jointly in the matter, and contended that these latter brokers were entitled to the commission, and that the plaintiff was not. The plaintiff did not contend that he had an exclusive right to act for the defendant, and stated that he knew that other brokers could have acted for the defendant if they desired. The evidence so far as necessary to an understanding of the exceptions is stated in the opinion of the court.

At the close of the evidence, the defendant asked the judge to rule, that the plaintiff upon all the evidence was not entitled to recover as a matter of law. The judge refused to make this ruling, and, after instructions from the judge, to which no exception was taken, the jury returned a verdict for the plaintiff in the sum of $7,215.62; and the defendant alleged exceptions to the refusal of the judge to rule as requested and to the exclusion of certain evidence which is described in the opinion of the court.

*J. P. Leahy,* (*J. C. Pelletier* with him,) for the defendant.

*H. P. Harriman & H. E. Perkins,* for the plaintiff.

HOLMES, C. J. This is an action by a broker to recover a commission for an exchange of lands. Other brokers were employed by the defendant and have been paid. But as unfortunately there is no process analogous to interpleader by which persons setting up mutually exclusive claims in contract can be brought together in one proceeding, the plaintiff had a right to make out, if he could, that he was the effective cause of the bargain. The chief question raised by the exceptions is whether there was any evidence which warranted the jury in giving him a verdict.

The plaintiff had talked with the defendant in 1896 as to the sale or exchange of the defendant's lands in Brighton, and had been referred by him to his son. As the defendant denied that the plaintiff was his broker, the plaintiff was allowed to prove that he submitted a series of offers to the son, ending with one of the Hotel Langham, which was the property finally exchanged. This belonged at the time to one Williams, but while the plaintiff was at work was sold by Williams to Morse, Lane and Weeks, trustees of a land company, on July 29, 1897. According to the plaintiff's story, he went on, and the day after the sale spoke of the matter to Morse. The exchange finally was made with these trustees.

The admission of the previous offers was excepted to. But the evidence showed that the plaintiff was continuously assuming to deal with the defendant's land as a broker to obtain a sale or exchange, up to and after the time when he brought the Langham Hotel to the defendant's notice. It showed also that the plaintiff's assumption was accepted by the defendant's son, to whom the defendant had referred the plaintiff as his representative. (The agency of the son was denied, but the jury were warranted in finding it established by the evidence.) It therefore tended to establish the first point in the plaintiff's case, that he was not a stranger to the defendant but was free to act for him in the matter and to earn a commission in the event of his meeting with success.

The rest of the plaintiff's case is easy so far as we are concerned. The strong points for the defence in this court are

that another broker talked with Weeks, one of the trustees, on July 29, whereas the plaintiff does not put his conversation with Morse, the other active trustee, before July 30, that the other brokers carried through the bargain, and that the agreement finally made was substantially different from anything that the plaintiff had to do with.

As to the first of these points, apart from the technical answer that the jury were not bound to believe the defendant's evidence concerning the interview of July 29, and assuming, as we hardly could assume for the purpose of sustaining exceptions, that this evidence was undisputed, still the jury might have found not only that the exchange was suggested by the plaintiff before the sale by Williams, but that all parties regarded the land rather than the owners for the time being as the important feature, and that after that sale they continued the negotiations for the exchange without a break other than the transfer of their offers from Williams to the trustees. They might have found, in other words, that the question who first made the suggestion of the exchange to the trustees was a comparatively unimportant element in the larger question which the jury had to decide. It might be argued also perhaps that Morse seemed to be the active trustee, and that the dealings with him were the only important ones. We have nothing to do with probabilities, which the defendant's counsel could not refrain from arguing, and express no opinion about them.

As to the remaining points of the defence it is admitted that the bargain as it finally went through on August 11 was somewhat different from that which was expressed in a letter from the plaintiff to Morse on August 4, which, according to the plaintiff's testimony, seemingly was shown to the defendant beforehand and afterwards was reported to the defendant's son. These differences were expressed in a counter offer by Morse on August 9, which was accepted in substance. The most striking one consisted in requiring $70,000 to be raised by a mortgage of the Brighton lands before they should be conveyed to the trustees, the sum when raised to be handed over to them. It is admitted also that the later work upon these new details was done by other brokers, and that the contract was carried through by them. But it seems to us that on the facts which we have

stated the plaintiff had a right to argue that he suggested the transaction and did so much in the way of bringing the defendant into relations with the Langham Hotel that he really was the effective cause of an arrangement being made, and that he also was entitled to ask the jury to find that the later modifications were only matters of detail and did not make the transaction carried through so different from the one which he had set on foot as to be substantially new.

An exception was taken to the exclusion of a letter from Wead, one of the brokers paid by the defendant, to another, Eldredge. It was offered merely as "a part of the history of the transaction which culminated in the sale." So far as appears, it was immaterial in every respect, as well as *res inter alios.*

The only other exception was to the exclusion of evidence of the particular steps taken and trouble experienced by the other brokers in raising the $70,000 by mortgage according to the modified bargain. The plaintiff did not pretend that he had anything to do with that, and accepted the burden of convincing the jury that the difference did not go to the essence of the exchange. Therefore it did not matter what trouble it cost the other brokers even if under any circumstances it would be pertinent to speculate whether the plaintiff could have raised the money, or if the trouble of others would have been a criterion of what the plaintiff could have done.

*Exceptions overruled.*