HAROLD C. FRENCH *vs.* DONALD E. McKAY.

Suffolk.    March 24, 1902. — May 22, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Agency*, Broker.

If the conduct of a broker employed by one of the parties was the efficient cause which brought about an exchange of real estate, he can recover his commission although the parties concluded the exchange without him.

CONTRACT by a real estate broker to recover a commission. Writ dated July 16, 1900.

At the trial in the Superior Court before *Stevens*, J., the jury returned a verdict for the plaintiff in the sum of $218.94; and the defendant alleged exceptions.

*A. M. Lyman*, for the defendant.

*W. B. Grant*, for the plaintiff.

HOLMES, C. J. This is an action by a broker to recover commissions upon an exchange of real estate. The exchange consisted of a conveyance by the defendant of a house in Waltham to the wife of one Merrifield, and conveyances to the defendant of houses in Melrose, Dorchester and Brighton belonging to Merrifield's wife. The defendant employed the plaintiff and the plaintiff called Merrifield's attention to the Waltham house and introduced him to the defendant. Suggestions for an exchange of this house were made, and at the last interview at the plaintiff's office, Merrifield said that he and his wife, for whom, as he testified, he was acting as agent, would go to Waltham and further examine the property. This was on or about the last day of May, 1900, and the conveyance was made on June 8. The defendant, by his exceptions, seeks to escape liability because the contract was made behind the plaintiff's back, and what he received was not the same property which was under consideration when the plaintiff last was seen in the business. It is plain that neither of these facts necessarily bars a recovery by the plaintiff, otherwise brokers always might be cheated out of their commissions. *Dowling* v. *Morrill*, 165 Mass. 491. *Whitcomb* v. *Bacon*, 170 Mass. 479. No more need be said to justify the refusal of the rulings requested by the plaintiff.

An instruction was given that if the plaintiff brought the parties together and then if by negotiations between the parties themselves afterwards they effected an exchange, it would be enough to entitle the plaintiff to his commission if he stood ready to do anything needed to effect the exchange in addition thereafter. Whether or not this proposition standing by itself might be too broad, *Whitcomb* v. *Bacon, supra, Cadigan* v. *Crabtree*, 179 Mass. 474, it was qualified by the later statement that the plaintiff was not entitled to recover simply because he brought the parties together, unless his conduct was the efficient cause which produced the result. The instructions were sufficiently favorable to the defendant.

*Exceptions overruled.*