CHARLES S. STUART *vs.* JAMES VALSOM.

Suffolk.    March 7, 1924. — May 21, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Broker*, Commission.    *Contract*, Performance and breach.

At the trial of an action of contract by a broker for a commission alleged
to have been earned in the sale of a store for the defendant, there was
evidence tending to show that the defendant called at the office of the
plaintiff and asked him what his commission was for selling property
and said that he had a place for sale; that the plaintiff took his name,
address and the selling price, $7,000, the defendant stating that the rent
would be $150 per month and giving further particulars to the plaintiff
respecting the business; that the defendant asked what the cost for
advertising would be, and the plaintiff stated that, if he would pay
$20 for such purpose, whatever was so paid would be deducted from the
commission; that the plaintiff advertised the property three times and
that after the second advertisement a prospective buyer came, to whom
the plaintiff gave, among others, a card to go to the defendant's place,
describing the store to him in detail and writing on the card the name
and address of the defendant and the price asked; that at the same
time the plaintiff described other properties to the prospective cus-
tomer; that the prospective customer interviewed the defendant and the
defendant sold the store to him for $5,800; that the defendant paid the
plaintiff the expenses of advertising, and that the purchase included a
lease of the entire building at a monthly rental of $175 per month.
*Held*, that

(1) The plaintiff was not precluded from recovery by the fact that
he did not talk with the defendant after he sent the prospective pur-
chaser to the defendant's address;

(2) If the plaintiff brought the parties together and was the efficient
cause of the sale, he was entitled to his commission even though the
bargain was concluded in his absence;

(3) A finding was warranted that the sale was brought about as a
result of the plaintiff's efforts;

(4) It could have been found that the circumstance, that the sale
of the property included a lease not only of the store but of the entire
building, was such a modification of the original contract as to be
merely a matter of detail and that it did not make the final transaction
so unlike the one the plaintiff was employed to consummate as to be a
new or different sale;

(5) The difference in amounts did not affect the liability of the de-
fendant to pay a commission if the sale was made in consequence of
the efforts of the plaintiff;

(6) The question, whether the plaintiff was the efficient means of
bringing the seller and purchaser together, was for the jury.

CONTRACT, by amendment from a bill in equity filed in the Superior Court on May 29, 1920, for $580, alleged to be due as a commission for procuring a purchaser for a store of the defendant at 553 Dudley Street in that part of Boston called Roxbury.

In the Superior Court, the action was tried before *Aiken,* C.J. Material evidence is described in the opinion. The defendant moved that a verdict be entered for him. The motion was denied. There was a verdict for the plaintiff in the sum of $616.74. The defendant alleged exceptions.

*J. H. Kenney,* for the defendant.

*J. M. Graham,* for the plaintiff.

CROSBY, J. This is an action by a broker to recover a commission for the sale of a store. In January, 1920, the defendant owned the store and the building in which it was located, and occupied a suite over the store. The plaintiff testified that during that month the defendant called at his office and asked him what his commission was for selling property and was told that it was ten per cent; that the defendant said he had a place for sale, and the plaintiff took his name, address, and the selling price (which was $7,000), the defendant stating that the rent would be $150 a month. The plaintiff also testified that he received from the defendant further particulars respecting the business; that he asked if any one else had the store for sale and was told that it had not been offered for sale before; that the defendant inquired what the cost for advertising would be and the plaintiff replied that, if he would pay $20 for that purpose, whatever was so paid would be deducted from the commission; that the plaintiff advertised the property on February 15, 29, and March 21; that on March 9 one James Moharris called upon him and talked about buying the store; that Moharris said he came " in answer to two places the plaintiff had advertised for sale," one being that of the defendant, the other being owned by one Saraf. The plaintiff further testified that he gave Moharris two cards, " one to go out to Valsom's place . . . and one to Saraf's," and described in detail to him both the properties; that Moharris said he would look over both places; that upon the card

referring to the defendant's store the plaintiff wrote the name of the defendant, the address, and the price. The plaintiff's son testified that he was present on March 9 when Moharris talked about purchasing the store and was given the card. The defendant was called as a witness by the plaintiff and testified that he went to the plaintiff's office in January, 1920, "to see if he could find a customer" for the store; that he (the defendant) sold it to Moharris on March 17, 1920, for $5,800; that he first talked with Moharris about selling him the store in December, 1919; and that he paid the plaintiff for the expense of advertising. Moharris denied that he ever saw the plaintiff until some time after he bought the store; that it was called to his attention by another broker; and that the purchase included a lease of the entire building at a monthly rental of $175. It is admitted by the defendant that the plaintiff was employed by him to find a customer for the store.

Although the plaintiff does not contend that he talked with the defendant after he sent Moharris with a card to the defendant's address, the jury were warranted in finding that his services were the efficient and effective cause of the sale; they were not obliged to believe the testimony of Moharris. It could have been found that the plaintiff, by advertising the property, called it to the attention of Moharris; and that the latter, by reason of the representations of the plaintiff, was induced to open negotiations with the owner which resulted in a sale of the property. Upon these findings the sale may be said to have been brought about through the broker's instrumentality. *Gleason* v. *Nelson*, 162 Mass. 245. *Hiltz* v. *Williams*, 167 Mass. 454, 457.

If the plaintiff brought the parties together and was the efficient cause of the sale, he is entitled to his commission even though the bargain was concluded in his absence. To recover a commission, it was not necessary for him to take part in making the contract of sale. *French* v. *McKay*, 181 Mass. 485. *Willard* v. *Wright*, 203 Mass. 406. It could have been found by the jury as a rational inference that, by advertising the store, calling it to the attention of Moharris, giving him the card, the examination of the property

by Moharris and his interviews with the defendant, and a sale being made within a week after the customer called on the plaintiff, the sale was brought about as a result of the plaintiff's efforts. *Fitzpatrick* v. *Gilson,* 176 Mass. 477, 479. *Willard* v. *Wright, supra.*

If the jury believed the testimony of Moharris that the sale of the property included a lease not only of the store but of the entire building, that circumstance could have been found to be a modification of the original contract which was merely a matter of detail, and did not make the final transaction so unlike the one the plaintiff was employed to consummate as to be a new or different sale. *Hall* v. *Grace,* 179 Mass. 400.

The fact that the plaintiff was authorized to find a customer for $7,000 and that the latter paid $5,800 does not affect the liability of the defendant to pay a commission if the sale was made in consequence of the efforts of the plaintiff, " otherwise brokers always might be cheated out of their commissions." *French* v. *McKay, supra.  Carnes* v. *Finigan,* .198 Mass. 128, 131.

The question, whether the plaintiff was the efficient means of bringing the seller and purchaser together was for the jury and not for the court, *Willard* v. *Wright, supra;* accordingly the defendant's motion for a directed verdict was rightly denied.

*Exceptions overruled.*