ARTHUR W. ROWE *vs.* MICHAEL A. KOUTROUBA.

Suffolk.     March 30, 1928. — May 24, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Broker,* Commission.     *Contract,* Construction.

An owner of real estate agreed to give a broker the exclusive agency to sell three dwelling houses for a period of three months from the date of the completion of each house. A certain commission was specified. Before the time of completion of one house, the broker obtained a purchaser for that house, but the owner had already sold it to another without notice or knowledge that the broker had obtained a purchaser. The broker never obtained a purchaser for the other two houses. In an

action by the broker against the owner for a commission, the judge ordered a verdict for the defendant. *Held,* that

(1) The plaintiff's agency had not commenced when he obtained a purchaser for the first house;

(2) The defendant, acting in good faith, could revoke the plaintiff's authority and sell the property to a purchaser not procured by the plaintiff without liability for a commission;

(3) The sale by the defendant revoked the authority given the plaintiff;

(4) The defendant was not liable to the plaintiff for a commission and the verdict properly was ordered for the defendant.

CONTRACT to recover a broker's commission. Writ in the Municipal Court of the City of Boston dated September 19, 1924.

On removal to the Superior Court, the action was tried before *Flynn,* J., who ordered a verdict for the defendant at the close of the evidence. The plaintiff alleged exceptions. Material evidence is stated in the opinion.

The case was submitted on briefs.

*A. S. Allen & C. C. Steadman,* for the plaintiff.

*C. H. Cronin,* for the defendant.

CROSBY, J. The defendant signed and delivered to the plaintiff an agreement which read as follows: "In consideration of the promise of Arthur W. Rowe to sell as agent for Michael A. Koutrouba the three (3) dwelling houses located at 51, 57 and 63 Paine Street, Winthrop, I hereby agree to pay to the said Arthur W. Rowe as compensation for his services the first two hundred dollars ($200) above sixty-three hundred dollars ($6300) received for each of the properties, plus one-half of any amount in excess of sixty-five hundred dollars ($6500) received for each of the properties. As further consideration for the services promised to be performed for me by the said Rowe, I further agree to grant to him the exclusive agency for the sale of the above-mentioned properties for a period of three (3) months from the date of the completion of construction of each of the said three (3) properties. Witness my hand and seal this 6th day of August, 1924."

On September 5, 1924, the defendant entered into a written agreement with one Elizabeth M. Kirby to sell to her the

property numbered 51 Paine Street. On September 13, 1924, the plaintiff obtained from one Travers a written agreement by the terms of which Travers was to purchase the property numbered 51 Paine Street from the defendant for $6,800. The plaintiff testified that he took the agreement to the defendant for his signature, and the latter then informed him that he had sold the premises to Elizabeth M. Kirby, and had also sold the house numbered 57 Paine Street to one Callahan, but that the plaintiff could sell the house numbered 63 Paine Street; and that the plaintiff made no effort to do so.

The undisputed evidence shows that on September 13, 1924, when the agreement was made by the plaintiff with Travers for the sale of the house at 51 Paine Street, the house was under construction but was not completed. By the terms of the agreement between the plaintiff and the defendant the exclusive agency given to the plaintiff to sell any house did not begin until its construction was completed. It follows that when the agreement was made with Travers the term of the plaintiff's agency had not commenced. In the absence of an agreement to the contrary the defendant, acting in good faith, had power to revoke the agent's authority and could sell the property himself without liability to pay a commission to the broker if the purchaser were not procured by him. A sale by the defendant to a customer he had himself procured revoked the authority of the agent. *Des Rivieres* v. *Sullivan*, 247 Mass. 443, 446. *Elliott* v. *Kazajian*, 255 Mass. 459. *Walsh* v. *Grant*, 256 Mass. 555. *Chamberlain & Burnham, Inc.* v. *Cohn*, 261 Mass. 322.

The evidence shows that the defendant sold the property at 51 Paine Street before he had any notice or knowledge that the plaintiff had procured a customer therefor. Accordingly he was not liable to pay the plaintiff a commission. Whether the plaintiff is precluded from recovery upon other grounds argued by the defendant need not be considered. As to the premises numbered 57 and 63 Paine Street, the plaintiff never obtained a purchaser. The trial judge rightly directed a verdict for the defendant.

*Exceptions overruled.*