WILLIAM PROVOST *vs.* CLARENCE BURGIN & another, trustees.

Norfolk.  May 15, 16, 1934. — June 28, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Broker*, Commission.

Where a real estate broker hired by a landowner to procure a purchaser of the land was the efficient cause of a sale subsequently made by the landowner through another broker, to whom the landowner paid a commission, the sale in itself did not amount to a revocation or termination of the first broker's authority so as to deprive him of the right to a commission.

With respect to the right of the first broker above mentioned to a commission from the landowner, it was immaterial that the landowner, when he made the sale, did not know that the first broker was the efficient cause thereof and consequently paid the commission to the second broker.

Where a real estate broker was hired by a landowner to procure a purchaser of the land at a price of $8,000, and it subsequently was sold through another broker to one, whom the first broker had interested in it, for $5,000 in cash and a mortgage of $3,000, there was no such difference between the terms of the sale and those given to the first broker as to show that he could not have been the efficient cause of the sale, and a finding that he was such was warranted.

CONTRACT.  Writ in the District Court of East Norfolk dated March 8, 1932.

The action was heard in the District Court by *Nash*, J. Material evidence and rulings requested by the defendants and refused are stated in the opinion. The judge found for the plaintiff in the sum of $400 with interest. Upon a report to the Appellate Division for the Southern District, judgment for the defendants was ordered entered. The plaintiff appealed.

*W. W. Johnson*, for the plaintiff.

*D. J. Tolman*, (*A. I. Burgess* with him,) for the defendants.

LUMMUS, J.  The plaintiff, a real estate broker, seeks to recover a commission for being the efficient cause of the

sale of a lot of land by the defendants to one Duane. The evidence warranted a finding that the plaintiff was employed as a broker by the defendants to procure a purchaser at a price of $8,000; that the plaintiff showed the lot to Duane and was the efficient cause of Duane's determination to pay $8,000 for it; that the plaintiff told the defendants that he had interested Duane in the lot; that afterwards Duane, not knowing the plaintiff's name, tried for two or three days to find the plaintiff in order to buy the lot, and then bought the lot for $5,000 cash and a mortgage of $3,000 through another broker, who was paid a commission by the defendants. The trial judge found for the plaintiff. The Appellate Division found error in the denial of the defendants' first, third, fourth and twelfth requests, and ordered judgment for the defendants. The plaintiff appealed.

The requests in question were as follows: "1. On the evidence and the weight of the evidence the finding should be for the defendants"; "3. As a matter of law there is no circumstance or circumstances introduced in evidence which make it more likely that the plaintiff was the effectual cause of the sale of the lot in question than that he was but a contributory cause"; "4. The sale of the lot in question through the agency of other brokers was in its legal effect a revocation of the authority and employment of the plaintiff as to such lot"; "12. When the owner sells to a purchaser brought by another broker, he terminates his services with the first broker."

The trial judge found "that the plaintiff's authorization had not been terminated by the defendants at any time prior to the completion of the sale to the plaintiff's customer." The sale itself did not amount to a revocation or termination of the plaintiff's authority so as to deprive him of the right to a commission for being the efficient cause of that very sale. Otherwise "efficient cause" cases, where the owner has carried out the sale personally or through another broker (*Cohen* v. *Ames*, 205 Mass. 186; *Glendon* v. *Pyne,* 275 Mass. 528; *John T. Burns & Sons Inc.* v. *Hands,*

283 Mass. 420), would not exist. *Hall* v. *Grace*, 179 Mass. 400. *French* v. *McKay*, 181 Mass. 485. *Maloon* v. *Barrett*, 192 Mass. 552, 553. *Waters* v. *Pacific Wool Products Co.* 268 Mass. 83. *Jones* v. *Clark*, 272 Mass. 146. *Glassman* v. *Barron*, 277 Mass. 376, 381. In the cases holding that a sale by the owner revokes the authority of the broker (*Pagum* v. *White*, 259 Mass. 437; *Rowe* v. *Koutrouba*, 263 Mass. 493, 495; *Chamberlain* v. *New England Dressed Meat & Wool Co.* 279 Mass. 462, 465; *Brooks* v. *Gregory*, 285 Mass. 197), the broker had not earned his commission at the time of the sale. *Smith* v. *Plant*, 216 Mass. 91, 98. There was no such difference between the terms of the sale and those given to the plaintiff, as to show that the plaintiff could not have been the efficient cause of the sale, as in *Palmer* v. *Cherney*, 270 Mass. 551. See also *Pagum* v. *White*, 259 Mass. 437. Compare *Carnes* v. *Finigan*, 198 Mass. 128, 131; *Stuart* v. *Valsom*, 249 Mass. 149, 152; *Waters* v. *Pacific Wool Products Co.* 268 Mass. 83, 87. It is immaterial that the defendants, when they made the sale, may not have known that the plaintiff was the efficient cause of it, and consequently paid a commission to another broker. *Gleason* v. *Nelson*, 162 Mass. 245, 249, 250. *Dowling* v. *Morrill*, 165 Mass. 491. *Carnes* v. *Finigan*, 198 Mass. 128. *Woods* v. *Lowe*, 207 Mass. 1. *Stuart* v. *Valsom*, 249 Mass. 149. There was no error on the part of the trial judge, and his finding that the plaintiff was the "efficient and predominating cause of the sale," being supported by the evidence, is conclusive in favor of the plaintiff.

*Order of Appellate Division reversed.*
*Judgment for the plaintiff on the finding.*