ANTONE PACHECO *vs.* MANUEL MEDEIROS.

Bristol.    January 10, 1935. — November 14, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Appellate Division: report, appeal;  Motion for finding; Variance.  *Broker,* Commission.

Since the Appellate Division reviewed the denial of a motion for finding "upon the evidence" reported by a district court judge, the propriety of the denial was open in this court upon appeal whether or not the moving party would have been entitled to a review thereof as of right under Rule 27 of the District Courts (1932).

A report by a district court judge of his denial of a motion by the defendant for a finding "upon the evidence and the law" did not raise any question of pleading or of variance.

The evidence warranted findings that a broker hired to procure a sale or exchange of real estate, his principal then stating a certain desired price to him, was the efficient cause of an exchange subsequently consummated, upon terms acceptable to his principal and before revocation of the offer to pay a commission, between his principal and another landowner procured by the broker, though there was no evidence of the terms of such exchange and it was closed in the absence of the broker by his principal personally or through another broker who had been active in the matter.

There was a variance between a declaration by a real estate broker alleging performance by him of a contract requiring the defendant to pay him a commission in a certain amount if he procured a purchaser for the defendant's land at a certain selling price, and evidence showing that the plaintiff procured a customer with whom the defendant consummated an exchange, but not showing the terms thereof.

CONTRACT. Writ in the Second District Court of Bristol dated October 5, 1931.

The action was heard in the District Court by *Murphy,* J.

*F. E. Knowles & V. J. Deponte,* for the defendant, submitted a brief.

*A. J. B. Cartier,* for the plaintiff.

FIELD, J. This is an action of contract brought in the District Court to recover the sum of $400 alleged to have been earned as a commission. The declaration alleges that on or about August 19, 1931, "the defendant employed the plaintiff to negotiate the sale of his farm, situate on Pleasant Street, in Rehoboth, in said County of Bristol; undertaking and agreeing to pay him as commission a sum agreed, to wit, five per centum (5%), of the selling price of said farm, if he could obtain a purchaser for the farm for the sum of eight thousand ($8,000) dollars; that he did procure a purchaser for said farm upon the terms mentioned which was agreed upon by said defendant, and that the defendant owes the plaintiff the sum of four hundred ($400) dollars." The defendant moved for a finding in his favor on the grounds that "upon the evidence and the law of the case the plaintiff cannot maintain this action," and that there "is material variance between the pleadings and the evidence," and requested certain rulings. The trial judge denied the motion, made some of the rulings requested, refused to make others and found for the plaintiff. A report to the Appellate Division was dismissed and the defendant appealed.

The report contains this recital of the evidence, which is stated to be all the evidence material to the questions reported: "At the trial there was evidence tending to show: That the plaintiff is a real estate broker operating in Fall River. In May of 1931 he saw the defendant at the latter's

farm and he testified that 'He (the defendant) give me his farm for sale. Sell or trade,' for $10,500. The plaintiff afterwards asked the defendant to sign an agreement but the defendant refused and said: 'No need at all because if you sell it you get your commission, sell or trade.' Afterwards the plaintiff brought customers to the farm but 'For one reason or another they did not agree.' In August 1931, the plaintiff showed the defendant's farm to one Gomes and informed the defendant that Gomes had a cottage on Tower Street in Fall River which he would like to trade for the defendant's farm. The defendant said 'all right.' On the Monday following this conversation the plaintiff saw the defendant again at the farm and while there one Tonkonogny came in and told the plaintiff that he was going to trade the defendant's farm with a customer of the plaintiff. The plaintiff objected to this and told Tonkonogny that he could not do that. After Tonkonogny left the premises the plaintiff told the defendant that if he traded with Gomes he would have to pay the plaintiff's commission 'because it is my customer and that is the man I brought here last Saturday.' The defendant replied, 'Well you don't have to talk because I don't know whether I am to trade it or not.' On the same day as per previous arrangements between the defendant and the plaintiff they went to see the Gomes cottage on Tower Street and Tonkonogny met the defendant and the plaintiff in the Gomes cottage. One Branco then showed the Gomes cottage to the defendant. The plaintiff testified that parties talked the matter over but 'for some reason he did not trade that time.' The plaintiff subsequently sent Branco with the defendant to see other property, and showed the defendant's farm to other customers. Three or four weeks after defendant had looked at the Gomes cottage the plaintiff learned through a third party that the defendant through Tonkonogny was about to trade with Gomes, whereupon the plaintiff 'went up to see Mr. Medeiros (the defendant) up on the farm before the time he trade to talk over with them about the commission. So when I get there Mr. Medeiros was not there.' Plaintiff then brought suit against the defendant. Asked if he had

taken any part in putting through the transaction between Gomes and Medeiros the plaintiff said 'Yes I will if they agree.' And to a further question by the court if he had gone to the lawyer's office when the deal was put through he answered 'No.' The last time the plaintiff talked with the defendant was during the conference at the Gomes cottage in August. The plaintiff also testified that Gomes wanted $2,500 for his cottage and his commission on the sale of farm property was five per cent. The only evidence offered by the defendant was given by Tonkonogny who testified that he was a real estate broker and that sometime in August, 1931, he traded the defendant's property to Gomes."

1. The motion for a finding for the defendant so far as it was based on the ground that "upon the evidence and the law of the case the plaintiff cannot maintain this action" was denied rightly.

It is not necessary to consider whether the motion for a finding for the defendant on this ground was within Rule 27 of the District Courts (1932) so that the defendant would not be entitled to a review of the ruling thereon as matter of right. The ruling of the trial judge thereon was reviewed by the Appellate Division and is before us on this appeal. *McKenna* v. *Andreassi, ante,* 213, 216, and cases cited. The report of this ruling, however, brings before us no question of pleading or of variance between allegations and proof. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384–385. See also *Garfield* v. *Peerless Motor Car Co.* 189 Mass. 395, 404.

The evidence warranted a finding for the plaintiff. The evidence tended to show that the defendant made an offer to the plaintiff to pay him a commission for procuring a customer, before the offer was withdrawn, able, ready and willing to acquire the defendant's farm on the defendant's terms, to be accepted by performance by the plaintiff. *Walsh* v. *Grant,* 256 Mass. 555, 557. *John T. Burns & Sons Inc.* v. *Hands,* 283 Mass. 420, 422. On the evidence the defendant's terms as to price, as fixed by his original offer, were a purchase of the defendant's property for

$10,500 cash (see *Walker* v. *Russell,* 240 Mass. 386, 390), or an exchange of other property therefor on the basis of a price of $10,500 for the defendant's property. There was evidence that an exchange was actually made between the defendant and one Gomes of the defendant's farm for a cottage belonging to Gomes, but no evidence of the terms of the exchange. From the fact of the exchange, however, it could have been inferred that the terms thereof were acceptable to the defendant. Compare *Frankina* v. *Salpietro,* 269 Mass. 292, 295. And it could have been found that the defendant's offer to the plaintiff was not withdrawn prior to the exchange.

The evidence that the plaintiff showed the defendant's farm to one Gomes, informed the defendant that Gomes had a cottage which he would like to trade for the defendant's farm — in reply to which information the defendant said, "all right" — ascertained the price which Gomes "wanted" for his cottage, and went with the defendant to see it, coupled with the evidence that an exchange of the farm for the cottage was actually made, warranted a finding that the plaintiff was the efficient cause of the exchange and, consequently, had procured a customer for the defendant's farm, able, ready and willing to make an exchange therefor on terms acceptable to the defendant, if no new forces entered into the transaction which broke the causal relation between the plaintiff's efforts and the exchange actually made. *Holton* v. *Shepard,* 291 Mass. 513, 516, and cases cited. See *Johnstone* v. *Cochrane,* 231 Mass. 472, 478.

The absence of evidence of the terms proposed by the plaintiff to the prospective customer and of the terms on which the exchange was made does not preclude a finding that the plaintiff was the efficient cause of the exchange. It is not essential to proof that a broker was the efficient cause of a trade that the terms thereof be identical with those proposed by him to the prospective customer. *Hall* v. *Grace,* 179 Mass. 400, 404. *Holton* v. *Shepard,* 291 Mass. 513, 516. The terms may differ widely without destroying the essential causal relation (*French* v. *McKay,* 181 Mass. 485, 486), though a greater similarity between the terms

of the actual trade and those proposed to the prospective customer by a competing broker than between the terms of the actual trade and those proposed by the broker originally producing the customer — of which there is no evidence here — may tend to show that the competing broker was the efficient cause of the trade. See *Crowninshield* v. *Foster*, 169 Mass. 237; *Cadigan* v. *Crabtree*, 192 Mass. 233, 240; *Carnes* v. *Finigan*, 198 Mass. 128, 131; *Nichols* v. *Atherton*, 250 Mass. 215, 219; *Palmer* v. *Cherney*, 270 Mass. 551, 555–556. And a finding that the plaintiff was the efficient cause of the exchange actually made was not precluded by the fact that it was closed in his absence by the defendant personally or through another broker. *French* v. *McKay*, 181 Mass. 485, 486. *Waters* v. *Pacific Wool Products Co.* 268 Mass. 83, 86, 87. *Glassman* v. *Barron*, 277 Mass. 376, 381. The closing of the bargain and changes, if any, in its terms may have been merely incidents of a completed transaction of which the plaintiff was the efficient cause. See *Hall* v. *Grace*, 179 Mass. 400, 403–404. Nor did the testimony to the activities of such competing broker — some of which at least the judge might have disbelieved — require a finding that the negotiations for an exchange started by the plaintiff were abandoned so that the exchange actually made was a new and different one from that set on foot by the plaintiff. *Hall* v. *Grace*, 179 Mass. 400, 403–404. Compare *Walsh* v. *Grant*, 256 Mass. 555, 558; *Delaney* v. *Doyle*, 267 Mass. 171, 176. It could have been found that the exchange took place less than a month after the last negotiations with respect to it were carried on by the plaintiff, that the plaintiff continued to act for the defendant in attempting to procure a customer for the defendant's farm, and that he stood ready to act for the defendant in putting through an exchange between the defendant and Gomes. Finally, the absence of evidence that the exchange was made on the terms originally proposed to the plaintiff by the defendant did not preclude a finding that the plaintiff was the efficient cause of the exchange. *Stuart* v. *Valsom*, 249 Mass. 149, 152. *Provost* v. *Burgin*, 287 Mass. 273, 275.

The evidence warranted a finding that the plaintiff, by

being the efficient cause of an exchange on terms acceptable to the defendant, accepted the defendant's offer to pay a commission. It might have been inferred from the consummation of the exchange by the defendant that the terms of the offer as made by him to the plaintiff either were complied with or were modified by him before such acceptance. See *Stuart* v. *Valsom*, 249 Mass. 149, 152, and cases cited; *Boyle* v. *Goldenberg*, 267 Mass. 24. Compare *Frankina* v. *Salpietro*, 269 Mass. 292, 295. The case is unlike *Pagum* v. *White*, 259 Mass. 437, where it was an express term of the offer that no commission should be paid unless the property was sold for more than a given price. And the closing of the bargain for an exchange, of which the plaintiff was the efficient cause, in the absence of the plaintiff would not be a revocation of the defendant's offer to pay the plaintiff a commission.

There is no basis in the evidence reported for a finding of the amount due to the plaintiff as a commission since the amount received by the defendant for his farm does not appear. But the report does not purport to contain evidence not material to the questions reported and no question bearing on damages is reported. It could have been found on the evidence that the plaintiff was entitled at least to nominal damages and, consequently, was entitled to a finding in his favor. *Hagan* v. *Riley*, 13 Gray, 515, 516. *Centennial Electric Co.* v. *Morse*, 227 Mass. 486, 491. Amer. Law Inst. Restatement: Contracts, §§ 327, 328.

2. The denial of the motion for a finding for the defendant, so far as it was based on the ground that there "is material variance between the pleadings and the evidence," was error.

This requested ruling was not based on purely formal defects in the declaration but necessarily was based on the pleadings and its correctness must be tested by the substance thereof. See *Gifford* v. *Eastman*, 251 Mass. 520, 524. Clearly the plaintiff declared on a special contract and not on a common count or on an account annexed, though he might have so declared. *Lovell* v. *Earle*, 127 Mass. 546.

*Simon* v. *Lettiere,* 257 Mass. 563, 570. The declaration sufficiently alleges a contract for payment by the defendant to the plaintiff of a commission for procuring a customer for the defendant's farm at a selling price of $8,000 and performance on the part of the plaintiff. See *Simon* v. *Lettiere,* 257 Mass. 563, 569–570. The evidence reported, however, as already pointed out, warranted a finding for the plaintiff only on the ground of liability of the defendant to pay the plaintiff a commission for procuring a customer for the farm on terms acceptable to the defendant but not disclosed by the reported evidence. Whatever would be true of a declaration on a common count or on an account annexed (see *Lovell* v. *Earle,* 127 Mass. 546; *Walker* v. *Russell,* 240 Mass. 386, 388, 393), on a declaration on a special contract the difference between the allegations and proof was so material as to constitute a variance fatal to recovery by the plaintiff. See *King* v. *Faist,* 161 Mass. 449, 456–457; *Pope* v. *Brooks,* 249 Mass. 381, 387; *Altman* v. *Goodman,* 255 Mass. 41, 43; *Humes* v. *Barron,* 263 Mass. 583, 584; *Bucholz* v. *Green Bros. Co.* 272 Mass. 49, 55.

3. For reasons already stated the defendant's request numbered 5 for a ruling that there "is a variance between the evidence and the pleadings in the case and the plaintiff cannot recover in this action" should have been granted. And for reasons stated the other rulings requested by the defendant and refused by the trial judge were refused rightly. They require no independent discussion.

*Order dismissing report reversed.*