See also, *Clarke* v. *Hutchins,* 14 East 475; *Reid* v. *Fargo,* 241 U. S. 544.

No error being found in any of the rulings of law of the trial judge the order is— Report dismissed.

No. 3085 Northern Middlesex, ss.

KING (Thomas L. Thistle)
v. UNITED STATES RUBBER CO. (Hale & Dorr)

From the First District Court of Eastern Middlesex—
Northrup, J.
Argued Dec. 29, 1941—Opinion filed Jan. 12, 1942

PETTINGELL, J. (Jones, P. J., and Wilson, J.)—Action of contract to recover an amount claimed as a brokerage commission on the sale of real estate. The plaintiff alleges that the defendant employed him to make the sale, and testified that he was so employed by one Fulton, manager of the defendant's properties.

The trial judge found as fact that the defendant's agent had authority to make the agreement declared upon and that the defendant was bound thereby. He found for the defend-

[ 87 ]

ant, however, finding that the plaintiff was not the efficient cause of the sale.

The error relied upon by the plaintiff is the denial of the following rulings requested by him:

"9. That the defendant cannot accept the benefits of the plaintiff's services as a broker without making payment for such services."

"12. That the plaintiff was the efficient cause of the sale in question."

There was no request for a ruling that the evidence did or did not warrant a finding that the platintiff was the efficient cause of the sale, which would have required a review of the evidence to discover whether or not the trial judge's finding to that effect was warranted. *Goyette* v. *Amor,* 294 Mass. 355. Instead, the plaintiff's twelfth request was a request for a finding of fact. *Stuart* v. *Valsom,* 249 Mass. 149. There was no error in the denial of the request as the plaintiff was not entitled to it as dealing with an issue of fact. *Dolham* v. *Peterson,* 297 Mass. 479. In addition, it was made immaterial and irrelevant by the trial judge's particular finding of fact to the contrary.

That finding, that the plaintiff was not the efficient cause of the sale, rendered inapplicable also, the defendant's ninth requested ruling which was inconsistent with the fact found by the trial judge. *Cameron* v. *Buckley,* 299 Mass. 432, at 434.

There could be no recovery by the plaintiff if he were not the efficient cause of the sale. *Bresnahan* v. *Brighton Ave. Baptist Church,* 279 Mass. 300. *John T. Burns & Sons, Inc.* v. *Hands,* 283 Mass. 420.

No prejudicial error appearing, the report is to be dismissed.