BENJAMIN GREEN *vs.* WARREN INSTITUTION FOR SAVINGS.

Suffolk.   October 7, 1942. — October 28, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Broker,* Commission. *Proximate Cause. Practice, Civil,* Order for judgment by Supreme Judicial Court.

Evidence would have warranted a finding that a broker, whom an owner had employed to obtain a purchaser of real estate without fixing a selling price, was the efficient cause of a sale to one known by the owner to be the broker's customer although the broker was not present at the sale and a price offered through him and refused by the owner was less by $3,000 than that finally accepted.

Although, at the trial of an action by a broker for a commission, it was agreed that, if the plaintiff should be found entitled to recover, the amount of his recovery should be a certain amount, this court, upon sustaining an exception to the ordering of a verdict for the defendant because there was evidence warranting but not requiring a recovery by the plaintiff, refused to order judgment for the plaintiff.

CONTRACT.  Writ in the Superior Court dated September 5, 1939.

The case was tried before *Beaudreau,* J.

*H. A. Carney,* for the plaintiff.

*K. L. Pease,* for the defendant.

LUMMUS, J.  In this action by a real estate broker to recover a commission from the defendant, there was evidence tending to prove the following facts.  The defendant employed the plaintiff as a broker to obtain a customer for a parcel of real estate, but did not fix the selling price. The plaintiff obtained from one Capodilupo successive offers of $22,000 and $24,000, but the defendant did not accept either.  The defendant knew that Capodilupo was the plaintiff's customer.  There was evidence that while the plaintiff was showing Capodilupo the premises the latter said that he "was going to buy the property."  Later the defendant sold the property to Capodilupo for $27,000, and when the plaintiff discovered that the property had

been sold and asked for his commission, the defendant told him that another broker had been paid the commission. There was no evidence that the defendant itself or any broker other than the plaintiff had actually performed any services in procuring Capodilupo as a customer. The judge directed a verdict for the defendant, and the plaintiff excepted.

Upon the evidence the efforts of the plaintiff could have been found to have been the efficient cause of the sale. *John T. Burns & Sons Inc.* v. *Hands,* 283 Mass. 420, 423. The fact that the plaintiff was not present when the trade was finally made does not bar him from recovery. *Gleason* v. *Nelson,* 162 Mass. 245. *Maloon* v. *Barrett,* 192 Mass. 552, 553. *Waters* v. *Pacific Wool Products Co.* 268 Mass. 83, 87. *Holton* v. *Shepard,* 291 Mass. 513, 516. *Pacheco* v. *Medeiros,* 292 Mass. 416, 421. Neither does the fact that the price offered through the plaintiff and that finally accepted were not the same. *Provost* v. *Burgin,* 287 Mass. 273, 275. *Holton* v. *Shepard,* 291 Mass. 513, 516. *Pacheco* v. *Medeiros,* 292 Mass. 416, 420. In our opinion the direction of a verdict for the defendant was error.

At the trial it was agreed that if the plaintiff should be found to be entitled to recover, the amount of his recovery should be $810. The plaintiff asks us to order judgment for that amount. But because of the directed verdict the questions of fact in the case have never been determined. Until they are determined, there can be neither verdict nor judgment.

*Exceptions sustained.*