RODERICK CHISHOLM, administrator, *vs.* WILLIAM F. McCARTHY & another.

Essex.    October 7, 1949. — November 30, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Broker,* Commission.    *Proximate Cause.    Contract,* Of employment, With broker.

A finding that a broker was employed by the owner of land to obtain a purchaser for his land was warranted by evidence that the landowner requested the broker to sell it for a certain price and that, in response to a question asked in behalf of the landowner, the broker stated what the amount of his commission would be.

Evidence warranted a finding that a broker, employed by the owner of land to procure a purchaser for his land at a certain price, was the efficient cause of a sale subsequently made at that price to a purchaser who had first been informed of the property by the broker and who had discussed it with him, although a sale and purchase contract resulting in the conveyance to the purchaser was made in the absence of the broker and under the direction of a second broker who had been requested by the purchaser to show him the property after the purchaser had learned of it from the first broker.

CONTRACT.    Writ in the Second District Court of Essex dated December 21, 1946.

Upon removal to the Superior Court, the action was tried before *Brogna,* J.

*W. S. Kenney,* for the plaintiff.

*C. F. Leary,* for the defendants.

WILKINS, J.    The plaintiff's intestate, herein called the plaintiff, originally brought this action of contract to recover a broker's commission for procuring a purchaser for the Lawrence Hotel and nearby cottages at Salisbury Beach.    The property, which was owned by the defendant Warner, admittedly was sold by her to one Traynor and one Chadwick, the defendants' principal contention being that another broker was the efficient cause of the sale. The defendant McCarthy is the brother-in-law of the de-

fendant Warner, and assisted in her business. The judge in submitting the case to the jury propounded two special questions: "1. Did the defendants or either of them employ the plaintiff to obtain a customer for the property? 2. Were the efforts of the plaintiff the efficient predominating cause resulting in the sale of the property to Traynor and Chadwick?" The jury answered both questions in the affirmative, and returned a verdict for the plaintiff. The judge "refused to affirm" the answers of the jury to the questions, and under leave reserved entered a verdict for the defendants. To this action of the judge the plaintiff excepted.

There was testimony from the plaintiff that in the summer of 1944 the defendants spoke to him about the hotel; that the defendants requested him to sell the hotel and cottages for $25,000 or the hotel without the cottages for $15,000; that the defendant McCarthy in the presence of the defendant Warner asked the plaintiff what his commission would be; and that the plaintiff replied that it would be five per cent. This evidence warranted the jury's answer to the first question, and it was error not to record it.

On the other question whether the plaintiff could have been found to be the predominating efficient cause of the sale (see *Whitcomb* v. *Bacon*, 170 Mass. 479; *John T. Burns & Sons Inc.* v. *Hands*, 283 Mass. 420, 423) the jury could have found these facts. In March, 1945, Chadwick, accompanied by Mrs. Traynor, while riding on a bus, saw the plaintiff, whom he knew. In the ensuing conversation the plaintiff, learning that Chadwick was giving up another hotel, suggested Salisbury Beach and mentioned the Lawrence Hotel as being for sale. Mrs. Traynor "overheard" the conversation. On April 1, 1945, there was another conversation relative to the Lawrence Hotel in a café in Lawrence, at which the three were present. They "talked it over pro and con," and the plaintiff explained "what the set-up was." Chadwick said that he knew nothing about Salisbury Beach, never had seen the hotel, and did not

think that they would be interested. The plaintiff was the first to mention to Chadwick that the Lawrence Hotel was for sale. At some time Chadwick told Mrs. Traynor that if she was interested in property at Salisbury Beach, she should get some real estate man from Lawrence whom she knew. On April 1, 1945, about a week after Mrs. Traynor "overheard" the conversation on the bus, she telephoned to one Hurley, a friend and a real estate agent in Lawrence, and asked him to show her the Lawrence Hotel and adjoining cottages which she said she understood were for sale. At some time which does not clearly appear, the plaintiff told the defendants that "he had a man named Chadwick and a woman named Traynor as customers" for the hotel and cottages, and would call with them in a few days. Later when the plaintiff asked Chadwick to go with him, Chadwick said that he had already made arrangements to leave Lowell to go down himself and would report back to the plaintiff on his return. Two days later the plaintiff talked with both defendants and asked them "how they got along with that customer, Chadwick." The defendant McCarthy said that "there was nobody down" and that he did not see Chadwick. A few days later the plaintiff talked to the defendants again, and told them, "Chadwick was down the other day and you deceived me, you misled me and said he wasn't there." The defendant McCarthy said that he was not around all the time. On May 4, 1945, the defendants and Mrs. Traynor, under the direction of Hurley, signed an agreement for the sale and purchase of the hotel and cottages for $25,000, and on June 1, 1945, a conveyance of the property was made to Mrs. Traynor, who took title in her name for the benefit of herself and of Chadwick, her partner in the transaction.

It should not have been ruled as matter of law that the plaintiff was not the predominating efficient cause of the sale. While there may have been a lapse of a year between the start of the employment of the plaintiff and the finding of the purchaser, the plaintiff's authority had not been

revoked.   See *Provost* v. *Burgin,* 287 Mass. 273.   He was barred neither by the mere fact that the sale was completed through a second broker (*Kacavas* v. *Diamond,* 303 Mass. 88, 91) nor by the mere fact that he was not present when the trade was finally made.   *Green* v. *Warren Institution for Savings,* 312 Mass. 307, 308.   On the facts which the jury could have found it was the purchaser who sought out the broker Hurley, not the reverse.   The case falls within the authority of such cases as *Dowling* v. *Morrill,* 165 Mass. 491, 492, *Sherman* v. *Briggs Realty Co.* 310 Mass. 408, 412–413, and *Corleto* v. *Prudential Ins. Co.* 320 Mass. 612, 617.   As was said in *Cadigan* v. *Crabtree,* 192 Mass. 233, 240, "The question of efficient cause is ordinarily at least a question of fact for the jury where no exclusive agency has been given and where two brokers have worked on the case."   *Beck* v. *Warren Institution for Savings,* 312 Mass. 315, 316.   In many cases relied upon by the defendants the sale was completed on substantially different terms from those upon which the broker who was the plaintiff claimed to have found a purchaser.   See *Crowninshield* v. *Foster,* 169 Mass. 237; *Smith* v. *Kimball,* 193 Mass. 582; *Nichols* v. *Atherton,* 250 Mass. 215; *Bresnahan* v. *Brighton Avenue Baptist Church,* 279 Mass. 300.

The plaintiff's exceptions are sustained.   The verdict entered under leave reserved is set aside, the jury's answers to the special questions are to be recorded, and the verdict returned by the jury is to stand.

*So ordered.*