*Western District*

## DONALD A. CAMPBELL, d/b/a
### Campbell Real Estate

*v.*

## VINCENT PULVIRENTI and
## ELSA S. PULVIRENTI

Argued: June 19, 1972 - Decided: July 24, 1972

*Present:* Garvey, P.J., Dudley, Cimini, JJ.

Case tried to *Barnes, J.,* in the District Court of Springfield No. 210181.

**Garvey, P.J.** In this contract action for a real estate broker's commission there was a finding for the plaintiff on one count and for the defendant on another count. The defendant claimed a report on the finding against him. There was no appeal on the count on which there was a finding for the defendant. The action against the defendant Elsa S. Pulvirenti was waived in open court.

We summarize the judge's subsidiary findings of fact, all warranted by the report of the evidence.

The plaintiff was and is a licensed real estate broker. In 1968 the defendant, a house builder, owned a tract of land in Longmeadow and had prepared a plan dividing it into house lots. Some of the laid out lots were visible on the tract. It was the intention of the defendant to build homes to the specification, within limits, of the future buyers of the lots in a package deal.

In the fall of 1968, the defendant requested the plaintiff to produce prospective buyers for the lots and the homes that the defendant would build for them on the defendant's terms. The commission was to the usual 5% of the selling price for a lot and house, minue the cost of any unusual extras required by the buyer.

In early 1969, the plaintiff showed one Rene Bachand lot #23. The plaintiff thereafter took the defendant to the home of Mr. and Mrs. Bachand, the only time he was present during the negotiations.

The defendant and the Bachands discussed plans for a home several times and the defendant quoted a price for the house and lot which Bachand felt was too high. During this period Bachand objected to the plaintiff's presence during the negotiations, because he thought he could make a better deal if the plaintiff was out of the picture.

About three weeks after their last meeting between Bachand and the defendant, the defendant called Bachand and suggested further

negotiations — that perhaps he could give a better price even though the plaintiff expects to get a commission.

Shortly thereafter, Bachand and the defendant agreed upon the sum of $43,500.00 for the lot and house without extras. This price was $1000.00 less than the original price given by the defendant, but the house was substantially the same. The real estate transfer took place in May, 1969 at the price between the parties.

After the sale, the defendant said he could pay the commission, but money was tight at the moment.

We quote from the report the judge's ultimate findings.

"Based upon the above subsidiary findings, I find that the plaintiff produced a buyer, Bachand, ready, willing and able to negotiate for the builing of a house by the defendant on lot #23 on the defendant's terms requested by the buyer.

"I find that after said negotiations, Bachand, the plaintiff's customer, did buy from the defendant, lot #23 and the house that the defendant built thereon. This was the result the defendant intended when he gave the listing to the plaintiff.

"I find that the plaintiff was the efficient cause of the sale, that he performed all that he was required to do. That although the plaintiff was not present when the negotiations were favorably concluded, it was not necessary for

him to be there and that he was the efficient cause of the sale, even though he was not allowed to be present.

"Even though Bachand rejected the defendant's original price as too high, the plaintiff was the efficient cause of the sale as no new force intervened to break the causal relation between the plaintiff's efforts and the sale.

"At the time of the Bachand sale, the defendant was still listing his lots with the plaintiff."

 There was no error in denying the defendant's request that "the evidence warrants a finding for the defendant." The judge's detailed finding of fact made the request inapplicable. *Stella* v. *Curtis,* 348 Mass. 458, 462-463.

 Another request of the defendant was directed to termination of a broker's employment when the property is sold to a third party. This request had no relevancy on the reported evidence and was properly denied.

 The request, which was denied, that "the plaintiff cannot recover since the evidence does not establish that the plaintiff's services were the efficient or effective means of bringing about the sale in question" raises the only issue worthy of discussion.

A plaintiff, in these cases, must show that his services were the efficient or effective means of bringing about the sale. This is generally a question of fact. The judge found that he was and we cannot disturb his finding when war-

ranted as here, by the reported evidence. *Kaplan* v. *Henry Wenz, Inc.,* 331 Mass. 480.

At the request of the defendant, the plaintiff produced the purchaser. The fact that he was excluded by agreement from subsequent negotiations does not derogate from his right to a commission. *Glassman* v. *Barron,* 277 Mass. 376. Neither does the fact that the property was sold for $1000.00 less than the first quoted price affect his rights. The terms proposed by the broker and those finally adopted in the sale need not be identical. *Holton* v. *Shepard,* 291 Mass. 513, 516. *Kaplan* v. *Henry Wenz, Inc.,* 331 Mass. 480, 486. *Moran* v. *Haddad,* 329 Mass. 730, 734.

The completion of the sale by the owner does not deprive a broker of his commission if the broker was the efficient cause of the sale. *Turner* v. *Mindsian,* 358 Mass. —— (1970 A.S. 1577). And he need not be present when the sale is completed. *Chishold* v. *McCarthy,* 325 Mass. 72, 75. *Holton* v. *Shepard,* 291 Mass. 513, 516.

**The report is to be dismissed.**

DOHERTY, WALLACE, PILLSBURY AND MURPHY
 of Springfield for the defendant.

BACON, WELTMAN AND COHEN
 of Springfield for the plaintiff.